Carroll G. Walter, J.
By contract made in New York February 3, 1944, the parties hereto formed a copartnership to engage in business in New York, and pursuant thereto they did engage in such business. In their contract they agreed that in the event that any dispute should arise between them in any way, shape or form or arising out of the partnership agreement, including the interpretation thereof, same should be settled by arbitration, and the parties designated Isaac Shalon as sole arbitrator to settle all such disputes.
Disputes and controversies arising out of said agreement now exist, but Isaac Shalon is not available to act as arbitrator, and petitioner asks that the court appoint an arbitrator in his place. Respondents, the other two partners, urge that they agreed to arbitrate before Shalon only, and that the court consequently cannot appoint anyone in his place.
*446 I am inclined to think that the case falls within the literal words of section 1452 of the Civil Practice Act, which provides that, if no method of naming or appointing an arbitrator be provided in the contract for arbitration or submission, or if a method be provided and any party thereto shall fail to avail himself of such method, or for any reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then the Supreme Court or a judge thereof shall designate and appoint an arbitrator who shall act under the contract with the same force and effect as if specifically named therein.
The contract here provides no method of "naming or appointing an arbitrator in case of the inability of Shalon to act, and it thus seems to me that there is such a lapse as authorizes the court to name an arbitrator; and in Matter of Marchant v. Mead-Morrison Mfg. Co. (252 N. Y. 284, 294) it was said that that statute is read into contracts made in this State as an implied term of the engagement.
But even if the statute be not here applicable, I still think that a proper construction of the contract is that the intention to arbitrate is the dominant intention, the personality of the arbitrator being an auxiliary incident rather than the essence, and that frustration of that dominant intention is not to be permitted merely because the precise method of accomplishing that intent has become impossible; and under those circumstances the court may give effect to the dominant intention through the agency of an arbitrator chosen by itself. (Matter of Marchant v. Mead-Morrison Mfg. Co., supra.)
Counsel for respondents asserts that in the course of his opinion in the case just cited Chief Judge Cabdozo had occasion to hypothesize the very situation now before the court when he said (p. 296) “ "We assume in favor of the defendant that it is possible to phrase an arbitration clause with a method of selection so transparently essential as to leave no room whatever for the process of construction. This might be so, for illustration, if there were a promise to arbitrate through a named person, and no one else (cf. Inter-Ocean Food Products Inc., 206 App. Div. 426).”
I think the case here is exactly to the contrary. The parties here did not agree to arbitrate through Isaac Shalon and no one else. They agreed to arbitrate and named Isaac Shalon as arbitrator, and they must be deemed to have known that the vicissitudes of life are such that he was apt to become unavailable as time moved on.
The motion is accordingly granted. Settle order.