RALPH S. KANTROWITZ ET AL. *v.* WILLIAM H.
PERLMAN ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued February 8—decided March 6, 1968

*Ralph S. Kantrowitz,* for the appellants (plaintiffs).

*Lawrence P. Weisman,* for the appellees (defendants).

COVELLO, J. This is an action for specific performance of a contract to convey real property and for other equitable and legal relief. The plaintiffs alleged the following: On October 24, 1966, the defendant Robert Treat Apartments, Inc., hereinafter referred to as Treat, held the legal title to a certain parcel of real estate in the city of Milford. On that day, the plaintiffs entered into a written contract with Treat whereby the plaintiffs agreed to purchase and Treat agreed to sell the premises on terms set forth in the contract. A copy of the contract was recorded on the land records of Milford. On June 6, 1967, Treat, in violation of its contract to convey to the plaintiffs, conveyed the premises to the defendant William H. Perlman, and Perlman mortgaged the premises to Treat. Perlman knew of the agreement between the plaintiffs and Treat. On June 6, 1967, the plaintiffs were, and ever since have been, ready, willing and able to perform their obligations under the agreement and have offered to do so. By its conveyance to Perlman, Treat has made it impossible to carry out its agreement with the plaintiffs.

The plaintiffs sought (a) a decree setting aside the conveyance of the premises from Treat to Perlman, (b) a decree setting aside the mortgage on the premises from Perlman to Treat, (c) a decree ordering Treat to convey the premises to the plaintiffs, (d) such other relief as to equity may pertain, and (e) $500,000 damages.

The defendants pleaded in abatement and to the jurisdiction on the ground that the property described in the complaint is a recreational area, that the complaint concerns a controversy relating to such area and that the contract provided for arbitration of such a controversy. The defendants

claimed that arbitration and award are conditions precedent to any right of legal action arising out of matters relating to the recreational area, and, since no demand for arbitration had been made, the court was without jurisdiction in the matter. They further claimed that the action was prematurely brought and should be abated.

In answer to the plea, the plaintiffs alleged that the agreement to arbitrate contained in the contract did not expressly or otherwise make arbitration and award a condition precedent to the plaintiffs' right to bring suit for specific performance; that the agreement is an enforceable contract and did not deprive the court of jurisdiction; and that if either party to the arbitration agreement "seeks to enforce it under the provisions of our statutes" the court still has jurisdiction to determine (a) the validity of the agreement and (b) whether the arbitration agreement covers the particular subject matter of the complaint in the present action. The court sustained the plea in abatement and to the jurisdiction on the grounds that arbitration was a condition precedent to the bringing of any action and that the present action was prematurely brought. The plaintiffs have appealed.

Arbitration is the voluntary submission, by the interested parties, of an existing or future dispute to a disinterested person or persons for final determination. It is intended to avoid the formalities, the delay, the expense and the vexation of ordinary litigation. *Ginsberg* v. *Coating Products, Inc.*, 152 Conn. 592, 596, 210 A.2d 667; *Gores* v. *Rosenthal*, 150 Conn. 554, 557, 192 A.2d 210; *Gaer Bros., Inc.* v. *Mott*, 144 Conn. 303, 307, 130 A.2d 804. Whether a particular dispute is within the scope of an agreement to arbitrate is a question for the court unless,

by appropriate language, the parties have agreed to arbitrate that question also. *Frager* v. *Pennsylvania Mutual Ins. Co.,* 155 Conn. 270, 274, 231 A.2d 531; *College Plaza, Inc.* v. *Harlaco, Inc.,* 152 Conn. 707, 206 A.2d 832.

Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced, and, until arbitration has been pursued, or some sufficient reason is given for not pursuing it, no action can be brought on the contract. *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, 395, 65 A. 134; see *First Ecclesiastical Society* v. *Besse,* 98 Conn. 616, 622, 119 A. 903. Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the agreement. 5 Am. Jur. 2d 535, Arbitration and Award, § 20. In the absence of such express language, a provision for arbitration may be construed to be a condition precedent to suit by implication, but that implication must be so plain that a contrary intention cannot be supposed nor any other inference made. It must be a necessary implication. *First Ecclesiastical Society* v. *Besse,* supra, 623.

In the present case, although the complaint does not so allege, the parties concede that the contract in question, portions of which are printed in the plaintiffs' appendix, provided for the sale to the plaintiffs of lands on which stood a large apartment building and of a parcel of land which was designated as a recreational area. The recreational area was intended to be used by tenants of the plaintiffs and by tenants in other apartment buildings to be erected by Treat. The land described in the contract on which the apartment building stands has

already been conveyed by Treat to the plaintiffs, and only the recreational area is involved in this action. The agreement provides that the seller (Treat) shall convey to the buyers (the plaintiffs) title to the recreational area at some time prior to a date ten years from the date of closing of title to the land on which the apartment building stands for the consideration of $1; that the conveyance shall contain a restrictive covenant running with the land to the effect that the premises shall be used for recreational purposes only and solely by tenants residing in apartment buildings conveyed to the plaintiffs and by tenants residing in apartment buildings located on certain other identified premises. The agreement further provides for maintenance, replacements and additions to the recreational area and the manner in which the expenses shall be apportioned among the owners of the apartment buildings whose tenants were entitled to use the recreational area. The agreement contained the following provision: "Section 8.08 In the event that the parties shall be unable to agree with respect to any question relating to the Recreational Area which may arise under the provisions of this Article, or otherwise, it is agreed that such question or controversy shall be submitted for arbitration. . . ." This is the only provision relied upon by the defendants in support of their claim that arbitration of the dispute is a condition precedent to litigation. This provision does not expressly make the submission of the subject matter of this action to arbitration a condition precedent to the bringing of this action, nor do we find in it anything which gives rise to a necessary implication that submission to arbitration is a condition precedent to the bringing of this action. The mere agreement to arbitrate, standing

alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation. Indeed, if it did, there would never be any need to determine, within the rule of cases such as *First Ecclesiastical Society* v. *Besse,* 98 Conn. 616, 623, 119 A. 903, whether any given agreement for arbitration implied that arbitration was a condition precedent to the bringing of an action. Nor would the provisions of § 52-409 of the General Statutes have any purpose. There must be some further provision in the agreement itself to show that arbitration is a condition precedent to litigation. For all that appears in this contract, however, the agreement to arbitrate is no more than an undertaking distinct from and collateral to the agreement to convey. *First Ecclesiastical Society* v. *Besse,* supra, 622. There is nothing in the contract which gives rise to a necessary implication that arbitration is a condition precedent to an action seeking to compel a conveyance of the recreational area.

This appeal does not raise the question, and we do not here decide, whether, or to what extent, the dispute existing between the parties is within the scope of the agreement to arbitrate. This question can be determined in later proceedings in the trial court if the defendants seek to avail themselves of the provisions of § 52-409 of the General Statutes, a step they have not yet taken. Nor do we now decide whether Perlman, who was not a party to the arbitration agreement, is bound by its terms or is entitled to claim its benefits.

There is error, the judgment is set aside and the case is remanded with direction to overrule the plea in abatement.

In this opinion the other judges concurred.