LOUEMMA FRENCH *v.* GEORGE FRENCH, JR.

| SUPERIOR COURT | JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT | FILE NO. 000020 |

Memorandum filed February 11, 1980

*Goldstein & Peck,* for the plaintiff.

*Wofsey, Rosen, Kweskin & Kuriansky,* for the defendant.

LANDAU, J. A separation agreement was executed by the parties to this action in April, 1969, and in December, 1969, a divorce judgment was entered in Florida making the separation agreement a part thereof. In January, 1978, the Florida judgment was made a judgment of the Superior Court for the Fairfield Judicial District. The plaintiff

thereupon filed a motion to show cause why the defendant should not be held in contempt for failing to comply with the court order and a notice of deposition addressed to the defendant. The defendant has filed a motion to dismiss on the ground that the separation agreement contains an arbitration provision which deprives this court of jurisdiction. Alternatively, the defendant seeks a stay of proceedings until arbitration is had.

The issues addressed by this court are (1) whether the court has jurisdiction to entertain the plaintiff's motion for contempt where an arbitration agreement exists, and (2) whether, in view of the arbitration provision, this court should issue a stay of the proceedings.

Where provisions of a separation agreement have been made a part of the judgment, a contempt action for failure to comply with those provisions may be initiated. Alternatively, the injured party may seek relief by bringing an action on the contract. *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 514; see *Kennedy* v. *Kennedy,* 177 Conn. 47.

Inasmuch as the plaintiff wife has pursued the former avenue of redress, this court need only examine whether the arbitration provision of the agreement deprives it of jurisdiction or requires that a stay of proceedings be granted.

The present action arises out of the defendant husband's failure to make alimony payments pursuant to the divorce judgment. This court is specifically empowered by the legislature to issue contempt orders in such matters. General Statutes § 46b-87. The Connecticut Supreme Court has recently stated: "The rights of the parties to a judgment of the court as distinguished from an action based solely on a contract do not arise from a contract between the parties where some of the

provisions of the contract are incorporated in a judgment, but arise from the order of the court pursuant to statutory obligations when such orders are based on statutory provisions. In a contempt action for support incident to a divorce decree, it is the law as set forth in the statutes rather than the contract which imposes the obligations of support or of any other consideration for the best interest of the child involved." *Kennedy* v. *Kennedy,* 177 Conn. 47, 50–51.

An agreement of the parties to submit to arbitration cannot deprive this court of jurisdiction to issue a contempt order prescribed by statute.

In addition, the agreement nowhere provides that arbitration is a condition precedent to litigation. Where there is no express language to that effect, "[t]he mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation. . . . There must be some further provision in the agreement itself to show that arbitration is a condition precedent to litigation." *Kantrowitz* v. *Perlman,* 156 Conn. 224, 228–29.

In *Kantrowitz,* a plea in abatement was overruled in an action for specific performance of a contract to convey real property in the absence of such a provision.[1] There being no such terms in the present case, the plaintiff has properly filed her motion for contempt. It should be noted that *Conte* v. *Weston,* 26 Conn. Sup. 41, cited by the defendant, is inapplicable to the case at bar in that there the contract expressly provided that arbitration was a condition precedent to suit.

Accordingly, this court has jurisdiction over the plaintiff's motion and the defendant's motion to dismiss is overruled.

---

[1] A stay of proceedings was not sought in *Kantrowitz.*

The defendant seeks, in the alternative, a stay of the present proceedings, until arbitration is had, pursuant to § 52-409 of the General Statutes. Section 52-409 requires the court to issue a stay upon motion of a party where an agreement to arbitrate exists. Inasmuch as the provisions of the separation agreement have been made a part of the divorce judgment, the arbitration clause, as well as the alimony clause, is a part thereof. The rationale set forth hereinabove concerning this court's jurisdiction is equally relevant here.

Additionally, this court is empowered to issue orders of contempt for the enforcement of court-ordered alimony awards. To require arbitration prior to invocation of the court's enforcement powers would run contrary to the public policy and statutory scheme of vesting in the courts the power to enforce orders for alimony and support and would result in unnecessary delay and expense in securing what has already been decreed to be owing the plaintiff.

The motion to stay is therefore denied.