[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS OR STAY PROCEEDINGS
The plaintiffs commenced this action to determine whether the defendant has an insurance policy which provides coverage for him for injuries sustained in an automobile accident. After the action was commenced the plaintiffs filed a motion to cite in Travelers Insurance Company as an additional defendant. The motion was granted and an amended complaint was filed containing a first count against Aetna Casualty Surety Company (Aetna) and a second count against Travelers Insurance Company (Travelers). The plaintiff Gerald Robinson claims that a Travelers policy provides CT Page 223 underinsured motorist's coverage for him. Travelers has filed a motion to dismiss the action against it, or in the alternative for a stay of proceedings under section 52-409 of the General Statutes.
The parties have stipulated that the Aetna policy has an option for the insurer to decide whether or not to arbitrate a claim against it, but Aetna has decided not to arbitrate and to have its rights decided in a court proceeding. There is also a stipulation that the Travelers policy has a mandatory arbitration provision and that Travelers has requested arbitration. The motion to dismiss filed by Travelers claims that the court lacks subject matter jurisdiction over this action, based upon the fact that the insurance policy has a mandatory arbitration provision. A copy of the policy was attached to the motion. It provides that a disagreement as to the right to recover under the policy for will be settled by arbitration upon written request of the insured or Travelers. The policy, provides that a judgment on an award made by the arbitrators may be entered in any court having jurisdiction. There is no provision barring an action in court unless and until there has been an arbitration award, or which defers the right to sue, or provides that compliance with the stipulation for arbitration is a condition precedent to a suit.
A material question in determining whether arbitration clauses in a contract preclude an action in court depends upon the language of the arbitration clause. Multi-Service Contractors Inc. v. Vernon, 181 Conn. 455, 457; 5 Am. Jur.2d 535, Arbitration and Award, section 20. Where there is express language requiring arbitration, for it to be a condition precedent to suit, there must be a necessary implication that this is required; "the mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used." Multi-Service Contractors, Inc. v. Vernon, supra, 448; Kantrowitz v. Perlman, 156 Conn. 224,227, 228; First Ecclesiastical Society v. Besse, 98 Conn. 660, 623.
Since the contract does not preclude a court action, and the courts generally have jurisdiction over actions for breach of contract, Travelers has not shown that the court lacks subject matter jurisdiction over this type of action. Arbitration clauses merely providing for arbitration as a remedy at the request of one of the parties have been held CT Page 224 not to be a conditions precedent to a court action. Multi-Service Contractors, Inc. v. Vernon, supra, 449; Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 152. Even where an arbitration clause is determined not to be a condition precedent to litigation, a party to the arbitration clause may obtain a stay of proceedings under section 52-409
of the General Statutes. KND Corporation v. Hartcom, Inc.,5 Conn. App. 333, 336; Kantrowitz v. Perlman, supra, 229. Section 52-409 allows the court to grant a stay of the court proceedings where an arbitration provision in a written agreement provides that the issue is referable to arbitration and the person making application for the stay is ready and willing to proceed with arbitration. An order granting a stay under section 52-409 does not terminate the action but merely postpones its disposition. KND Corporation v. Hartcom, Inc., supra, 337.
The motion to dismiss the action against Travelers Insurance Company is denied. The motion for a stay of proceedings against Travelers is granted under section 52-409
of the General Statutes until the arbitration proceedings are concluded, but this order shall not be a stay of proceedings in the claim against Aetna Casualty Surety Co.
ROBERT A. FULLER, JUDGE.