This is an action by the plaintiff Condominium Association against the declarant (Newfield Middletown Development Corporation), developer (Newfield Commons Group Limited Partnership), a paving contractor and the architect designer. The claims herein mainly relate to parking area owned by the unit owners and managed by the plaintiff association. Very near the outset of this trial through the plaintiff's witness, a condominium owner, a contract to purchase between the Newfield Middletown Development Corporation and the witness was introduced into evidence. It was noted by the court that said contract in paragraph 21 contained the following clause:
ARBITRATION
 It is expressly understood and agreed to by the Purchaser that in the event of controversy or claim arising out of or relating to this contract, or the breach thereof, that Purchaser will participate in arbitration in good faith in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association before Purchaser may bring suit or make a claim for a prejudgment remedy before any court or judge of the State of Connecticut. The parties agree that Judgment in accordance with the terms of any award rendered by such arbitration procedure may be entered at the request of either Purchaser or Seller in any court having jurisdiction thereof and such judgment shall be binding upon the parties hereto.
The defendant architect and defendant paving contractor have joined in the motion to dismiss this action on the ground that the underlying contract between the principal parties thereto requires arbitration. The arbitration clause, this court concludes is condition precedent to the bringing of any lawsuit in the courts. By joining in the motion to dismiss the defendants architect and paver have consented to the arbitration of any claims with respect to them.
Where a contract contains a stipulation that the decision of the arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation shall be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it no action can be brought on the contract. Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445, CT Page 5617 447 (1980), citing Kantrowitz v. Perlman, 156 Conn. 224,227 (1968). Pursuant to this rationale and the term of arbitration contained in the underlying contract, this matter must first undergo arbitration before any action can be maintained in the courts on the subject matters of the contract. Alternative Dispute Resolution is a methodology for the resolution of disputes that is to be encouraged whenever possible and reasonable. A waiver by the parties of an arbitration term in the contract ought to be scrutinized by the courts carefully and ought not be implied in situations where it is probable that the parties did not have a current realization that their dispute should have been arbitrated, until such was pointed out to them.
Accordingly, the motions to dismiss the action are granted.