[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS NO. 112
On October 31, 1994, the plaintiff, Valley View Construction Co., Inc ("Valley View"), filed a four count complaint against the defendants, Richard Sedotto and Jane Sedotto a/k/a Jane Keohane, alleging breach of contract, misrepresentation, fraud and conversion, arising out of the construction of a home by Valley View for the Sedottos.
The contract between the parties, executed in August of 1992, sets forth in paragraph 19:
ARBITRATION
 The parties hereto agree that in the event of any dispute arising between them or concerning this agreement or an rights duties or obligations arising thereunder that the sole method of resolving said disputes shall be by binding arbitration by and in accordance with the rules of the American Arbitration Association conducted in accordance with the provisions of CT Page 8232 Connecticut General Statutes Chapter 909. Any legal action commenced in violation of this paragraph shall be dismissed, unless said actions are allowable appeals from such arbitration. Any arbitration award can be moved to a court of competent jurisdiction for enforcement. Should either party bring an action in any court in violation of this section, he shall be liable to the other party for any and all costs including a reasonable attorney's fee associated with the other party defending such action.
(Emphasis added.) Pursuant to paragraph 19 of the contract, on February 3, 1995, Valley View filed a "Motion to Stay Court Proceedings and Compel Arbitration." On February 27, 1995, the court (Riefberg, J.) granted the motion. Thereafter, the parties submitted the matter to arbitration with the American Arbitration Association ("AAA").
On March 15, 1995, AAA rendered an "Award of Arbitrator" in favor of Valley View for nearly $100,000. On March 28, 1995, pursuant to General Statutes, Secs. 52-417, 52-420 52-421, Valley View filed a "Motion to Confirm Arbitration Award and Enter Judgment." On April 12, 1995, pursuant to General Statutes, Secs. 52-418, 52-419 52-420, the Sedottos filed "Defendants Application to Vacate, Modify or Correct Arbitration Award." Thereafter, on April 27, 1995, the Sedottos filed a motion to dismiss.
The Sedottos proffer two grounds upon which the motion to dismiss should be granted. The first ground asserted is that this action was commenced in violation of paragraph 19 of the contract, and therefore must be dismissed. The second ground is that collateral estoppel and res judicata apply to this matter since the same issues were litigated in the arbitration proceeding.
On May 5, 1995, Valley View filed a "Brief in Opposition to the Motion to Dismiss." On May 11, 1995, Valley View filed a "Supplemental Brief in Opposition to Motion to Dismiss."
The purpose of a motion to dismiss is to contest the court's jurisdiction. Practice Book, Sec. 142. "A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer, 218 Conn. 531, 544, CT Page 8233590 A.2d 914 (1991). Where the motion to dismiss "`does not seek to introduce fads outside of the record it is equivalent to our former motion to erase and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff.'"Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45 (1983).
I. ARBITRATION CLAUSE AS CONDITION PRECEDENT TO ACTION
"Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract. Kantrowitz v. Perlman, 156 Conn. 224,227-28, 240 A.2d 891 (1968). Whether an agreement makes arbitration a condition precedent to an action in the court depends on the language of the arbitration clause." Multi-ServiceContractors, Inc. v. Vernon, 181 Conn. 445, 447, 435 A.2d 983
(1980).
The language of the arbitration clause is dispositive of the defendants' motion. Paragraph 19 of the parties' contract, dealing with arbitration, provides that "[a]ny arbitration award can be moved to a court of competent jurisdiction for enforcement." On March 28, 1995, pursuant to General Statutes, Sees. 52-417, 52-420 and 52-421, Valley View filed a "Motion to Confirm Arbitration Award and Enter Judgment." Valley View's motion is explicitly sanctioned under the parties' contract. Valley View brought the motion to confirm the arbitration award after the case had been stayed and submitted to the AAA. The course of conduct pursued by Valley View is exactly what was envisioned by the parties as evidenced by the language contained in paragraph 19 of their contract. It would be inconsistent with paragraph 19 of the parties' contract to dismiss this action. Furthermore, in ruling on the Sedottos' motion, the court must indulge every presumption in favor of jurisdiction. LeConche v.Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990).
Therefore, since the parties' contract allows for confirmation of the arbitration award in this court, the Sedottos' motion to dismiss on the ground advanced is denied.
II. RES JUDICATA/COLLATERAL ESTOPPEL
The Sedottos' second ground for the motion to dismiss is CT Page 8234 based on res judicata and collateral estoppel. It is inappropriate for the court to address the defenses of res judicata and collateral estoppel on a motion to dismiss.
"Res judicata is not included among the permissible grounds on which to base a motion to dismiss. Res judicata with respect to a jurisdictional issue does not itself raise a jurisdictional question. It merely alleges that the court has previously decided a jurisdictional question and therefore must be asserted as a special defense. Practice Book, Sec. 164. It may not be raised by a motion to dismiss." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985). The appropriate method to proceed on the defense of res judicata is to first specially plead it; id.; and then move for summary judgment. Jackson v.R.G. Whipple, Inc., 225 Conn. 705, 712, 627 A.2d 374 (1993).
Therefore, the court denies the Sedottos' motion to dismiss on this ground.
Based on the foregoing, the court denies the Sedottos' motion to dismiss.
Stodolink, J.