[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brings this action to foreclose on a mechanics lien. On June 1, 1995, the defendant filed a motion to dismiss the action on the ground of lack of subject matter jurisdiction. The defendant argues that the court lacks subject matter jurisdiction to hear the action because the parties' contract contains an arbitration clause which provides that any claim arising out of the parties' construction contract or breach thereof shall be submitted to arbitration. On June 13, 1995, the plaintiff filed an objection to the motion to dismiss.
"[T]he mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation." Kantrowitz v. Perlman,156 Conn. 224, 228-29, 240 A.2d 891 (1968). See also Multi-ServiceContractors v. Vernon, 181 Conn. 445, 447-48, 435 A.2d 983 (1980);Udolf v. Swerdloff, 8 CSCR 540 (April 22, 1993, Hennessey, J.).
In the present case, the defendant fails to identify any language in the arbitration provision which either states or implies that arbitration is a condition precedent to litigation. In such a situation, the defendant's proper remedy appears to be a CT Page 7891 motion for a stay of these proceedings pending arbitration pursuant to General Statutes § 52-409, and/or a motion to compel arbitration pursuant to § 52-410. The defendant's motion to dismiss is accordingly denied, as the arbitration clause in the parties' contract does not deprive the court of subject matter jurisdiction.
RICHARD J. TOBIN, JUDGE