[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTIONS TO DISMISS
The plaintiff contracted with the defendant Visiting Nurse Association of South Central Connecticut, Inc. (VNA) to construct certain improvements to property, located in New Haven, which is owned by the defendant, Matthews Ventures and which VNA occupies as lessee. Disputes arose under the contract, and this lawsuit resulted.
The first count of the plaintiff's complaint originally sought foreclosure of a mechanic's lien. The court subsequently approved substitution of a bond, and this count has been amended to reflect this change. The second count claims that VNA breached its contract and seeks the remainder of the contract price. The third count is a quantum meruit claim.
At the heart of the dispute is KCK's claim that it requested final payment allegedly due under the contract, and that the VNA refused. The defendants' position is that, under the terms of the contract, final payment does not become due until "the architect finds the work acceptable under the contract documents and the contract fully performed." The defendants assert that despite demands from the architect, KCK refused to complete work which the architect determined to be nonconforming and unacceptable. KCK claims that this is not the case and that VNA wrongfully terminated the contract.
The same issues form the basis of the instant motions to dismiss filed by both defendants. In these motions, the CT Page 1165 defendants claim that because the contract requires that any claims first be submitted to the architect for resolution prior to there being a right to pursue a cause of action in court, this court lacks jurisdiction over the subject matter, and the case must therefore be dismissed. Where a contract requires that disputes under their contract first be submitted to arbitration, the failure to do so before commencing an action in the Superior Court deprives the court of subject matter jurisdiction. See, e.g., Batter Building Materials Co. v. Kirschner, 142 Conn. 1
(1954).
The motion to dismiss is the "proper vehicle for claiming any lack of jurisdiction in the trial court." Upson v. State,190 Conn. 622, 624-25 n. 5, 461 A.2d 991 (1983). Until arbitration has been pursued or there is a sufficient reason for not pursuing it, no action may be brought on the contract. Multi-ServiceContractors, Inc. v. Vernon, 181 Conn. 445, 447 (1980), citingKantrowitz v. Perlman, 156 Conn. 224, 227 (1968). Thus, if a construction contract requires that arbitration is a condition precedent to litigation, a motion to dismiss is the appropriate procedural vehicle for raising the claim that a plaintiff failed to submit a contract claimed to arbitration before filing a lawsuit. See, Newfield Commons Condominiums Association v.Newfield Commons Group, 7 CSCR 978 (Higgins, J.). The motion to dismiss admits all well pleaded facts, and the complaint is construed in the light most favorable to the plaintiff. AmericanLaundry Machine, Inc. v. State, 190 Conn. 212, 217, 459 A.2d 1031
(1983).
Initially, the defendants asserted that the plaintiff never submitted a claim as required under the contract. In a supplemental memorandum, VNA now appears to acknowledge that a claim was submitted, but asserts that it was untimely. The defendants appear to acknowledge that if an October 4, 1994 letter from KCK's general manager to VNA's president, a copy of which was sent to Wayne Garrick, the project's architect, is in fact a "claim" within the meaning of the contract, then it would have been timely made. If, however, KCK's attorney's October 17, 1994 letter to the architect is the actual "claim", then that claim would not have been timely filed.
Although the October 17 attorney's letter has more of the trappings of a formal "claim", it cannot be concluded at this stage and on the basis of the rather minimal evidence presented to the court that the October 4 letter, a copy of which was sent CT Page 1166 to the architect, did not effectively state a claim under the contract. The architect, having received a copy of the October 4 letter, should reasonably have concluded from that letter that the plaintiff was raising claims concerning both the termination of the contract and nonpayment. In light of that, the allegation made by the defendants that the plaintiff did not timely present its claims to the architect within the meaning of the contract, thus depriving this court of jurisdiction, must fail. In determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction shall be indulged.Connecticut Light Power Company v. Costle, 179 Conn. 415, 420
n. 3, Diaz v. Board of Directors, 2 Conn. App. 43, 45 (1984).
The defendants also assert that, under the contract, an architect's decision on the claim is a condition precedent to litigation, but the contract also specifically states that a decision by an architect in response to a claim shall not be a condition precedent when "the architect . . . has failed to render a decision within agreed time limits . . . to take action required under subparagraph 4.4.4 within thirty days after the claim is made . . . . forty-five days have passed after the claim has been referred to the architect or . . . . the claim relates to a mechanic's lien."
Again, using October 4 as the claim date, the available record indicates that the architect failed to render a decision within the agreed time limits and failed to take action required under subparagraph 4.4.4 within thirty days after the claim, and that forty-five days passed after the claim had been referred to the architect before the action was commenced. Additionally, although the first count has been amended to reflect an action on the bond, it was originally an action to foreclose a mechanic's lien, so that this count dearly "relates to a mechanic's lien", despite the substitution of the bond.
The plaintiff has also alleged that it was not required to submit a claim to the architect because the architect had already demonstrated bias against it. This allegation is not supported by the evidence available to the court at this time, and it plays no role in the decision on these motions.
For all these reasons, the motions to dismiss are denied.
Jonathan E. Silbert, Judge CT Page 1167