[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
On August 10, 1995, the plaintiffs, Larry Henry and Richard Guerrein, filed a 12-count complaint against the defendant, Cardinal Business Media, Inc. (Cardinal) for actions arising from the termination of their employment with Cardinal. On October 12, 1995, the defendant filed a motion and memorandum of law to dismiss or, in the alternative, stay plaintiffs' complaint pending arbitration of any controversy relating to employment agreements executed between plaintiffs and defendant. On November 13, 1995, the plaintiffs filed a memorandum of law in opposition to the defendant's motion.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in the original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). A motion to dismiss "does not seek to introduce facts outside of the record . . . and admits all well pleaded facts, the complaint being construed most favorably to the plaintiff." American Laundry Machinery. Inc. v.State, 190 Conn. 212, 217, 459 A.2d 1031 (1983).
The defendant moves the court to dismiss the action under Practice Book § 143 or stay the action under General statutes CT Page 2073 § 52-409[1] on the ground that the plaintiffs signed an employment agreement which provided, in pertinent part, "[a]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be resolved by final and binding arbitration in Wilmington, Delaware, administered by Judicial Arbitration and, Mediation Services, Inc. ("JAMS"), in accordance with the JAMS' rules of practice then in effect. Any award issued as a result of such arbitration shall be final and binding between the parties thereto . . . ."
The arbitration clause does not affect the court's jurisdiction and therefore the court will not grant the motion to dismiss. "[T]he mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation." Kantrowitz v. Perlman,156 Conn. 224, 228-29, 240 A.2d 891 (1968); Multi-Service Contractorsv. Vernon, 181 Conn. 445, 447-48, 435 A.2d 983 (1980). "The courts have held almost universally that under the common law, the parties to a dispute may not oust the jurisdiction of the courts by an agreement to arbitrate." 5 Am.Jur.2d Arbitration and Award, 36, p. 543; Skolnick Son v. First Bapt. Ch., Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 322330 (July 25, 1995, Tobin, J.) (denying motion to dismiss based on lack of subject matter due to arbitration clause).
As to the motion to stay arbitration, the plaintiffs argue that there is no such entity as JAMS, that JAMS merged with two other arbitration groups and became a separate entity, known as JAMS/ENDISPUTE (Plaintiffs' Memorandum in Opposition, Exhibit E), and the plaintiffs should not be compelled to arbitrate before a tribunal to which they did not agree to submit. The plaintiffs filed a demand for arbitration with the American Arbitration Association (AAA) in East Hartford, Connecticut, (Defendant's Exhibit D) but the defendant refused to submit to AAA. Accordingly, the plaintiff claims it had no other recourse but to file a complaint with the Superior Court. The defendant responds that JAMS does exist, albeit with a name change, and is ready and willing to take the case.
"This court has long recognized and endorsed arbitration as an alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation." (Internal quotation marks omitted.) Diamond Fer. Chem. Corp. v.Comm. Trad. Int'l., 211 Conn. 541, 546, 560 A.2d 419 (1989). "[A]rbitration is the favored means of settling differences." CT Page 2074 (Internal quotation marks omitted.) Id. "The right to arbitration can be created only by contract." Jacob v. Seaboard Inc., 28 Conn. App. 270,273, 610 A.2d 189 (1992). "The intent of the parties that arbitration be the exclusive method for the settlement of disputes arising under the contract must be clearly manifested." Id. The intent of the parties to arbitrate is clearly manifested by the words of the employment agreement.
The plaintiffs argue, however, that "arbitration agreements are to be strictly construed and such agreements should not be extended by implication." Wesleyan Univ. v. Rissil Constr. Asscs.Inc., 1 Conn. App. 351, 355, 472 A.2d 972, cert. denied, 193 Conn. 802,474 A.2d 1259 (1984). In Wesleyan, however, the defendant was a subcontractor who was not a signatory to the arbitration agreement between the owner and the general contractor. In this case the parties have demonstrated an intent to arbitrate, the issue is the construction of the agreement, e.g. whether JAMS can be considered JAMS/ENDISPUTE. "The law favors a construction which will make a contract valid rather than invalid unless that construction is required by the terms of the agreement in the light of surrounding circumstances." Mozzochi v. Luchs, 35 Conn. Sup. 19,23, 388 A.2d 842 (1977). When a specific person is named as an arbitrator in the arbitration agreement but becomes unable to serve, "[i]t is the general rule that the arbitration agreement will remain in force. The designation of an arbitrator is only a step in furtherance of the basic agreement to arbitrate; the intent to arbitrate is dominant. M. Domke, Domke on Commercial Arbitration, § 20:02 (1995), citing Marchant v. Mead-Morrison Mfg.Co., 252 N.Y. 284, 295, 169 N.E. 386 (1929) ("there may be a dominant intention to arbitrate at all events, the machinery of selection being merely modal and subordinate. If so, the failure of the means will not involve as a consequence the frustration of the end"); Ballas v. Mann, 3 Misc.2d 445, 446, 82 N.Y.S.2d 416
(1948).
Accordingly, because the dominant intent of the agreement is to arbitrate, the motion to stay should be granted pending arbitration before Jams/Endispute.
RICHARD J. TOBIN, JUDGE