[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION TO DISMISS #109
This is an action arising from the sale and purchase of residential property. The plaintiff buyers claim they have been damaged by the defendant sellers as the result of the defendants' non-disclosure of an existing water condition. The defendants have filed this motion to dismiss on the grounds that this court lacks subject matter jurisdiction. It is the defendants' claim that the contract of sale in connection with this transaction contains a "mediation" provision which must be fulfilled as a condition precedent to pursing a court action.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995), quoting Practice Book § 143. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, CT Page 5276590 A.2d 914 (1991); Third Taxing District of Norwalk v. Lyons,35 Conn. App. 795, 803, 647 A.2d 32, cert. denied, 231 Conn. 936,650 A.2d 173 (1994). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Grant v. Bassman, 221 Conn. 465, 470, 604 A.2d 814
(1992). "When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Citation omitted.) Antinerella v. Rioux, 229 Conn. 479, 489,642 A.2d 699 (1994).
There are many Connecticut cases dealing with the enforceability of "arbitration" clauses as a condition precedent to access to the institution of legal process. The court, however, has been unable to find any cases involving the effect of "mediation" clauses that have been similarly decided. Mediation is a form of alternative dispute resolution which in recent years has gained increased acceptability and popularity because of its reported success in resolving disputes. Although the mediation process differs from the arbitration process, they are both accepted methods utilized for dispute resolution. As well, the types of clauses found in contracts invoking their use are generally similar. Therefore, this court finds it appropriate to analyze and apply the relevant arbitration case law in deciding the present case.
"The right to arbitration can be created only by contract."Jacob v. Seaboard Inc., 28 Conn. App. 270, 273, 610 A.2d 189, cert. denied, 223 Conn. 923, 614 A.2d 822 (1992). "Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract." Multi-Service Contractors, Inc. v.Vernon, 181 Conn. 445, 447, 435 A.2d 983 (1980), citingKantrowitz v. Perlman, 156 Conn. 224, 227-28, 240 A.2d 891
(1968).
"[T]he mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation." Kantrowitz v. Perlman, supra,156 Conn. 228-29; Multi-Service Contractors v. Vernon, supra,181 Conn. 447-48; Henry v. Cardinal Business Media, Inc., Superior CT Page 5277 Court, judicial district of Stamford, Docket No. 147159 (Mar. 15, 1996, Tobin, J.) (16 Conn. L. Rptr. 327). "Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication." Multi-Service Contractors Inc. v. Vernon, supra,181 Conn. 447-48. The mediation clause in the present case states:
 Any dispute or claim arising out of or relating to this contract, the breach of this contract or the services provided in relation to this contract shall be submitted to mediation in accordance with the Rules and Procedures of the Connecticut Residential Real Estate Mediation Rules of the American Arbitration Association. Disputes shall include representations made by the purchaser, seller, or any broker or other person or entity in connection with the sale, purchase, financing, condition or other aspect of the property to which this contract pertains, including without limitation allegations or (sic) concealment, misrepresentation, negligence, fraud and/or civil statutory claims. Any agreement signed by the parties pursuant to the mediation conference shall be binding. The following matters are excluded from mediation hereunder: (a) judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or land contract; (b) an unlawful detainer action; (c) the filing or enforcement of a mechanics lien; or (d) any matter which is within the jurisdiction of a bankruptcy or probate court. The filing of a judicial action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction or other provisional remedies, shall not constitute a waiver of the right to mediate under this provision, nor shall it constitute a breach of the duty to mediate. By initialing in the place below, you hereby acknowledge that you have received, read and understand the standards announcement brochure for the Homesellers/Homebuyers Dispute Resolution System and agree to submit disputes as described above to mediation in accordance with the Connecticut Residential Real Estate Mediation CT Page 5278 Rules of the American Arbitration Association.
Beneath this clause in the contract appears the initials of the buyers, sellers and brokers.
"Arbitration is a creature of contract. It is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law . . . . The issues of whether the parties to a contract have agreed to arbitration is controlled by their intention." (Citations omitted.) A. Dubreuil and Sons, Inc. v.Lisbon, 215 Conn. 604, 608, 577 A.2d 709 (1990). The language used in the contract in the present case states very clearly that a dispute shall be submitted to mediation. It is clear here, unlike in the Dubreuil case, that the presence of the word shall
in the mediation clause constitutes an implicit intent that participation in mediation is mandatory. See Id., 611. As well, the provisions of the contract clause which provide for the specific methods and rules for such a mediation, which make provisions for specific exceptions to mediation, and which provide for the filing of, inter alia, attachments without waiving the right to pursue mediation, are clear indications that the parties intended that mediation be a condition precedent to court action. Finally, the parties initialized the portion of the contract which acknowledged that they understood the Homesellers/Homebuyers Dispute Resolution System and agreed to submit a dispute to mediation, which is further evidence that they were aware of, and agreed to be bound by, the mediation clause.
In a recent Supreme Court Case Justice Katz reiterated the courts position that it favors arbitration when she wrote "that doubts regarding whether an issue is arbitrable should be resolved in favor of arbitration . . . . An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." (Citations omitted; internal quotation marks omitted.) Fink v.Golenbock, 238 Conn. 183, 195, 680 A.2d 1243 (1996), citing JohnA. Errichetti Associates v. Boutin, 183 Conn. 481, 488-89,439 A.2d 416 (1981).
The language of the instant contract indicates the clear intention of the parties that mediation should be a condition precedent to bringing a court action. Since that condition CT Page 5279 precedent was not satisfied prior to the filing of this court action, the court finds that it does not have subject matter jurisdiction and thereby grants the defendants' Motion to Dismiss.
PELLEGRINO, J.