[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The plaintiffs, Isabel Applegreen and Delia Applegreen, bring this action in five counts against Patricia LaFlam and Stuart Kaufman, d/b/a Amerispec Home Inspection Service of Western Connecticut.
Counts one through three are directed at the defendant, Patricia LaFlam, alleging intentional misrepresentation, negligent misrepresentation, and a violation of the Connecticut Unfair Trade Practices Act (CUTPA). CT Page 797
Count four alleges negligent breach of contract by the defendant, Stuart Kaufman d/b/a, and count five asserts a violation of CUTPA by the defendant Kaufman.
The action arises out of a contract between the plaintiffs and Patricia LaFlam to purchase real property located at 20 Grandview Drive, Danbury.
In conjunction with the purchase of the building, the plaintiffs entered into a written contract with the defendant, Stuart Kaufman d/b/a, requiring Kaufman to conduct an inspection of the property.
Kaufman furnished a written report to the plaintiffs pursuant to that contract.
The contract between the plaintiffs and Stuart Kaufman d/b/a contained a clause entitled "Binding Arbitration," which reads:
 Each of us agrees that any dispute between us, except those for non-payment of fees, that may in any way, directly or indirectly, arise out of, or relate to this Agreement or the interpretation of this Agreement, the scope of the services provided to you, the Report, or any other matter involving the services we perform, shall be submitted to binding arbitration under the construction industry rules of the American Arbitration Association, except for the procedure for selecting the arbitrator. The parties shall mutually appoint an arbitrator familiar with the professional home inspection industry.
The defendant, Stuart Kaufman d/b/a, moves to dismiss the plaintiffs' claims against him (counts four and five of the Amended Complaint, dated February 25, 1998), claiming that resort to arbitration must be had prior to the initiation of the litigation.
He claims that because arbitration is a condition precedent to the institution of legal action, the court lacks subject matter jurisdiction.
 STANDARD OF REVIEW
A motion to dismiss is the appropriate vehicle for CT Page 798 challenging the jurisdiction of the court, by asserting that the plaintiff cannot as a matter of law and fact, state a cause of action that can be heard by the court. Baskin's Appeal fromProbate, 194 Conn. 635; 640 (1984); Practice Book § 10-31.
Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Lauer v. Zoning Commission, 220 Conn. 455,460 (1991); Gurliacci v. Mayer, 218 Conn. 531, 542 (1991);LeConche v. Elligers, 215 Conn. 701, 709 (1990).
Unlike a claim of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process, a claim involving lack of jurisdiction over the subject matter can be raised at any time. Practice Book §10-33. Subject matter jurisdiction is a question of law and cannot be waived or conferred by consent of the parties. Cahillv. Board of Education, 198 Conn. 229, 238 (1985); Reed v.Reincke, 155 Conn. 591, 598 (1967).
 ARBITRATION CLAUSE NOT CONDITION PRECEDENT TO LITIGATION
Whether a written agreement makes arbitration a condition precedent to instituting legal action depends upon the language of the arbitration clause. Multi-Service Contractors. Inc. v.Vernon, 181 Conn. 445, 447 (1980).
While a mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to legal action; Multi-Service Contractors,Inc. v. Vernon, supra, 448; courts have recognized that arbitration is an effective and efficient method of resolving disputes and tends to avoid or minimize the delay, expense and vexation which often accompanies litigation. O G/O'ConnellJoint Venture v. Chase Family Limited Partnership No. 3,203 Conn. 133, 145 (1987); Ginsberg v. Coating Products, Inc.,152 Conn. 592, 596 (1965).
Because this case involves definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. Levine v. Massey,232 Conn. 272, 278 (1995); Rapaport Benedict. P.C. v. Stamford,39 Conn. App. 492, 501 (1995).
For arbitration to be a condition precedent, the agreement to CT Page 799 arbitrate must expressly so stipulate, or it must be necessarily implied from the language used. Kantrowitz v. Perlman,156 Conn. 224, 227-28 (1968). The implication must be so plain that a contrary intention cannot be supposed. Multi-Service Contractors,Inc. v. Vernon, supra, 448.
It is therefore necessary to examine the particular language of this agreement to determine whether arbitration is a condition precedent to legal action.
In Multi-Service Contractors Inc., the court found that language reading "all claims, disputes and other matters in question . . . shall be decided by arbitration," did not require, either by express language or by implication, that arbitration was a condition precedent to court action. Multi-ServiceContractors, Inc. v. Vernon, supra, 446.
Here, the clause requiring that disputes "shall be submitted to binding arbitration," is less definitive than the Multi-Service Contractors, Inc. language.
It cannot be said that a clause which requires a dispute be "submitted" to arbitration, renders arbitration a condition precedent to legal action, while one requiring that disputes be "decided" by arbitration, is not a condition precedent to litigation.
The court therefore has subject matter jurisdiction, and the defendant, Stuart Kaufman's motion to dismiss must be denied.
 STAY OF PROCEEDINGS NOT PRESENTED
Because the defendant, Stuart Kaufman, has not sought to stay the proceedings pending arbitration pursuant to § 52-409[1]
of the Connecticut General Statutes, it is not necessary to determine whether a stay of the proceedings would be appropriate at this time.
It should be pointed out that even when an arbitration clause is determined not to be a condition precedent to litigation, a party sued may avail itself of § 52-409. KND Corporation v.Hartcom, Inc., 5 Conn. App. 333, 336 (1985)
Whether a stay is appropriate, and the scope of any arbitration proceeding in light of the plaintiffs' CUTPA claims CT Page 800 are issues to be decided in the event any party to the agreement elects to invoke the provisions of § 52-409.
The motion to dismiss of the defendant, Stuart Kaufman d/b/a Amerispec Home Inspection Service of Western Connecticut, is denied, without prejudice to his ability to request a stay of proceedings, pursuant to § 52-409 of the Connecticut General Statutes.
Radcliffe, J.