[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action in which plaintiff property owner has alleged that defendants are in possession of property at 156 Kings Highway in the Town of Groton under a written lease for an agreed rental. It is further alleged that the lease has terminated by reason of nonpayment of rent and that a notice to quit has been served on the defendants on September 4, 2002.
Defendants have moved to dismiss the complaint claiming that the court lacks subject matter jurisdiction because of an arbitration agreement between the parties and that the notice to quit is defective.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot, as a matter of law in fact, state a cause of action that should be heard by the court."Gurliacci v. Mayer, 218 Conn. 531, 544 (1991).
 I.
Accompanying the motion to dismiss is the affidavit of defendant Willard Collins in which the affiant states that he is familiar with the subject matter of the action and that § 15 of the lease agreement states, "Any dispute or controversy arising under the terms of this lease shall be determined and settled by arbitration in the City of Norwich pursuant to the rules then pertaining to the American Arbitration Association."
"Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such stipulation shall be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract." Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445, 447
CT Page 2776 (1980), relying on Kantrowitz v. Perlman, 156 Conn. 224, 227-28 (1968). Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. Id.
"Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the agreement . . . In the absence of such express language, a provision for arbitration may be construed to be a condition precedent to suit by implication, but that implication must be so plain that a contrary intention cannot be disposed nor any other inference made. It must be a necessary implication."Kantrowitz v. Perlman, 156 Conn. 224, 227 (1968).
Section 15 of the lease does not expressly make arbitration a condition precedent to the bringing of the present action. In view of the language of paragraph 3 of the lease, expressly authorizing summary process for nonpayment of rent, arbitration as a precedent to the bringing of this action cannot be implied.
The motion to dismiss cannot be granted based upon a claim that arbitration is a condition precedent to the bringing of this action.
 II.
Defendants claim that the motion to dismiss must be granted on the grounds that the notice to quit is defective. Before a court can entertain a summary process action, the tenant must be served with a valid notice to quit. Lampasona v. Jacobs, 209 Conn. 724 (1989).
The notice to quit appended to the complaint states as the reason for termination of the lease, "non-payment of rent as provided at § 7(a) and (b) of the lease; . . ."
Section 7 of the lease deals with fire and casualty insurance. Subsection (b) of this section contains the following language. "The cost of fire insurance required to be reimbursed by the lessee to the lessor in this section shall be deemed to be additional rental hereunder . . ." The plain language of this subsection indicates that the lease intended that the cost of fire insurance payable to the lessor be considered as rent. The notice to quit unequivocally notifies defendants to quit the premises for nonpayment of rent as provided by § 7 of the lease. Since § 7(b) considers the cost of fire insurance to be rent, it must be concluded that the notice to quit is valid in this case.
Claims have been made that the lease has been amended to alter the situation with respect to fire insurance costs. This presents CT Page 2777 a question of fact which must be determined at trial.
The court has jurisdiction in this matter and the motion to dismiss must be denied.
 Joseph J. Purtill Judge Trial Referee
CT Page 2778