[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANT'S MOTION TO DISMISS
The plaintiff, Christopher Gallo, is employed by the state of Connecticut in the Insurance Department as an insurance examiner. On February 13, 1992, the plaintiff requested parental leave stating that, "I need parental leave because of the recent birth (10/26/91) of my daughter Danielle. Such leave is necessary for the well being of the newborn." He requested leave for the period from February 18, 1992 to April 13, 1992 and his request was granted by the Insurance Commissioner.
The plaintiff, who is currently pursuing a master's degree in teaching from Saint Joseph's College in West Hartford, commenced student teaching at Rockville High School on January 21, 1992, and except for the school vacation period from February 10, 1992 to February 17, 1992, he has taught each day between the hours of 7:15 a.m. and 2:30 p. m., Monday through Friday, through March 6, 1992, a time schedule virtually identical to his flextime working schedule at the Insurance Department.
On March 9, 1992, the Commissioner terminated the plaintiff's parental leave upon learning that he was student teaching, giving as one of the reasons for his action that "your request for parental leave had nothing to do with the CT Page 3926 care or nurturing of your newborn child but simply coincided with your pre-arranged practice teaching assignment." Defendant's Exhibit C. The plaintiff returned to work at the Insurance Department on March 9, 1992, and has reported to work each day since that date.
The plaintiff is a member of the State Employees' Administrative and Residual Bargaining Unit which has a collective bargaining agreement with the state covering the period from July 1, 1990 through June 30, 1993. He commenced this action on March 10, 1992, and a hearing on his request for injunctive relief was held on March 16, 1992. On March 16, 1992, the plaintiff filed a grievance pursuant to the collective bargaining agreement which is now pending.
The defendant has moved to dismiss the complaint on the ground that the court lacks jurisdiction because the plaintiff has failed to exhaust the contractual remedies available to him under the collective bargaining agreement. The failure of a party to exhaust available grievance and arbitration remedies is properly raised by a motion to dismiss because it implicates the court's subject matter jurisdiction and that issue is one that must be determined by the court forthwith once it is brought to its attention by such a motion or in any other manner. Kolenberg v. Board of Education, 206 Conn. 113, 122, n. 5.
The collective bargaining agreement defines a grievance as "a written complaint involving an alleged violation or a dispute involving the application or interpretation of a specific provision of this Agreement" (Article 15, Section One) and provides a formal three-step procedure for filing a grievance. Id. Section Six. Article 15, Section Nine provides for an expedited arbitration procedure for cases in which delay might render any corrective action meaningless or academic, and subsection (c) states that the arbitrator's decision "shall be final and binding on the parties in the accordance with Connecticut General Statutes Section 52-148
[sic] [but shall not] be deemed to diminish the scope of judicial review over arbitral awards . . .".
Article 21 of the Agreement provides that the provisions of 5-248a of the General Statutes and the regulations made pursuant thereto insofar as they pertain to parental leave shall apply. Article 40 states that "[t]his agreement . . . constitutes the complete and entire agreement between the parties . . .".
An employee "must at least attempt to exhaust exclusive grievance and arbitration procedures established by the CT Page 3927 bargaining agreement" and where his claim is based upon a breach of that agreement, he is bound by its provisions to the extent that they "govern the manner in which [his] contractual rights may be enforced." Vaca v. Sipes, 386 U.S. 171
at 184 (1967). Any exception to this rule which "would permit an individual employee to completely sidestep available grievance procedures in favor of a lawsuit has little to commend it [because] it would deprive [the] employer and [the] union of the ability to establish a uniform and exclusive method for orderly settlement of employee grievances." Republic Steel Corp. v. Maddox, 379 U.S. 650 at 653 (1965).
"Unions and their employers have broad contractual authority to provide administrative remedies for disputes arising out of the employment relationship [and that] authority encompasses issues of law as well as of fact." Trigila v. City of Hartford, 217 Conn. 490 at 494. "[A]s a matter of state law, [the] parties to a collective bargaining agreement must attempt to exhaust the exclusive grievance and arbitration procedures established in their agreement before resorting to court"; School Administrators Association v. Dow, 200 Conn. 376
at 382; and this rule applies even where an employee alleges violations of his constitutional rights to due process or of state statutory procedures. Trigila, supra, 494.
The parties in this case, as in Trigila v. Hartford, (at page 496), "were empowered, in their collective bargaining, to negotiate a contract" that included the provisions of5-248a of the General Statutes governing parental leave within "contractually defined grievance and arbitration procedures." Moreover, as in Trigila, it would be "difficult to imagine contractual wording that would more explicitly include disputes" concerning the granting or the revocation of an employee's parental leave. Id.
This interpretation of the collective bargaining agreement is consistent with the long-standing policy of the courts to encourage "the use of collective bargaining and contractually designated grievance procedures as an alternative method of settling disputes that avoids the formalities, delay, expense and vexation often associated with ordinary litigation." Trigila, supra, at 497-98. The plaintiff's argument that he is nevertheless entitled to the immediate judicial determination of his constitutional claims is without merit because "[t]he Due Process Clause of the Fourteenth Amendment is not a guarantee against incorrect or ill-advised personnel decisions" and judicial review of the multitude of daily personnel decisions of public employers is not appropriate where the employer's decision, "if erroneous, can best be corrected in other ways." Bishop v. Wood, CT Page 3928426 U.S. 341 at 349-350 (1976).
For the foregoing reasons, the court finds that the plaintiff has not attempted to exhaust the exclusive grievance and arbitration procedures established in the collective bargaining agreement before seeking judicial relief.
Accordingly, the state's motion to dismiss is granted and the plaintiff's complaint is dismissed for lack of jurisdiction.
HAMMER, JUDGE