[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
On June 10, 1996, the plaintiff, Dominick Faustini, filed a one count complaint for dissolution of a corporation against the defendants, Robert Faustini and Faustini Food Services, Inc. The plaintiff alleges the following facts in his complaint. The plaintiff is the vice president, secretary, a director, and forty-five percent shareholder of the corporation, which is organized under Connecticut law and has its principal office in the Town of East Haven. The corporation's capital stock is held by the plaintiff and Robert Faustini, who is president, treasurer, a director, and forty-five percent shareholder of the corporation.[1]
The plaintiff seeks dissolution of the corporation, alleging that, because Robert Faustini refused to participate in the operations of the corporation as an officer and director, the corporation ceased functioning in accordance with its bylaws and Connecticut statutes relating to corporations. The plaintiff also seeks the appointment of a receiver.
On June 18, 1996, defendant, Robert Faustini, filed a motion CT Page 9264 to dismiss the plaintiff's complaint, pursuant to Practice Book § 143, for lack of jurisdiction. In his memorandum of law in support of his motion to dismiss, Robert Faustini argues that he and the plaintiff are parties to a "Shareholders Agreement" (attached to the motion to dismiss), which provides for arbitration of controversies and that, because the parties proceeded to arbitration by an application dated December 19, 1995 regarding disagreements about the affairs of the corporation, the court lacks jurisdiction to hear the plaintiff's complaint.
On July 1, 1996, the plaintiff filed an objection to Robert Faustini's motion to dismiss. The objection is supported by a memorandum of law and the plaintiff's affidavit[2]. In his objection, the plaintiff argues that (1) a motion to dismiss is not proper to determine the arbitrability of an issue; (2) the plaintiff's complaint seeks a judicial winding up of the affairs of the corporation; (3) a judicial winding up is not a "dispute" between shareholders; and (4) Robert Faustini cannot force the corporation, which is not a party to the arbitration clause, to forfeit its rights at law, nor to compel the corporation to arbitrate in the absence of its agreement to do so.[3]
 DISCUSSION
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991); Third Taxing District v. Lyons, 35 Conn. App. 795,803, 647 A.2d 32, cert. denied, 231 Conn. 936, 650 A.2d 173
(1994). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . . Practice Book § 143; Sadlowski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995).
"Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Grant v. Bassman, 221 Conn. 465, 470, 604 A.2d 814
(1992). "[S]ubject matter jurisdiction can be raised at any time." Sawmill Brook Racing Assn., Inc. v. Boston RealtyAdvisors, Inc., 39 Conn. App. 444, 448, 664 A.2d 819 (1995). "[O]nce the question of lack of jurisdiction of a court is CT Page 9265 raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Golden Hill Paugussett Tribe of Indians v. Southbury,231 Conn. 563, 570, 651 A.2d 1246 (1995); see also Gurliacci v.Mayer, supra, 218 Conn. 545.
The defendant, Robert Faustini, moves to dismiss the plaintiff's complaint on the ground that the court lacks subject matter jurisdiction because the parties are proceeding to arbitration of a controversy, pursuant to a shareholders' agreement. (Shareholders Agreement, Robert Faustini's Affidavit, June 11, 1996, Attachment.) Robert Faustini argues that the parties have a statutory right to arbitrate, citing General Statutes § 52-408,[4] and that any decision made by the arbitrator to dissolve the corporation can become a judgment of the court by confirmation, pursuant to General Statutes §52-417.
According to the Demand for Arbitration, the nature of the dispute is that the plaintiff, Dominick Faustini, "formed a new competing corporate business and solicited and procured away customers from the corporation to which [the] `Shareholders Agreement' applies." (Plaintiff's Exhibit A, Demand for Arbitration, December, 1994, attached to Affidavit in Support of Plaintiff's Objection to Motion to Dismiss.)
Dissolution of the corporation is not covered by the Demand for Arbitration, nor expressly provided for in the shareholders' agreement. (Shareholders Agreement, Robert Faustini's Affidavit, June 11, 1996, Attachment). The shareholders' agreement, however, provides that "[s]hould any dispute arise at any time between anyof the Shareholders . . . the same shall be referred for arbitration. . . . It is mutually agreed that the decision of the arbitrator action. . . ." (Emphasis added.) (Shareholders Agreement, paragraph fourteen, Robert Faustini's Affidavit, June 11, 1996, Attachment.)
"Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract. . . . Whether an agreement makes arbitration a condition precedent to an action in court depends CT Page 9266 on the language of the arbitration clause. . . . For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used." (citations omitted.) Multi-ServiceContractors, Inc. v. Vernon, 181 Conn. 445, 447-48, 435 A.2d 983
(1980).
The Multi-Service Contractors court reversed the trial court's decision granting the defendant's motion to dismiss because of the existence of an arbitration clause, holding that the arbitration clause in that case "[did] not require, either by express language or by necessary implication, arbitration as a condition precedent to court action." Id., 449.
The present case is problematic because, although the shareholders' agreement expressly provides that arbitration is a condition precedent to any right of legal action, dissolution is not expressly provided for in the shareholders' agreement. The arbitration agreement binds the parties to submitting any dispute that arises between any of the shareholders at any time to arbitration, regardless of whether the dispute arises under the agreement. Therefore, the court could dismiss the plaintiff's cause of action for dissolution of the corporation for lack of subject matter jurisdiction.
CONCLUSION
The court grants the defendant's motion to dismiss because the court does not have jurisdiction to dissolve the corporation and appoint a receiver since the parties agreed that arbitration is a condition precedent to any legal right of action.
Kevin P. McMahon, Judge