[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The defendants seek a dismissal of this action on the grounds of "lack of subject matter jurisdiction." The claim is premised on the following language of Section 6.4 of the Pepe Hazard partnership agreement:
 The withdrawing or expelled partner and partnership amicably shall agree on the mechaincs of termination, including notification of clients, transfer of files pursuant to client direction, allocation of professional liability risk, collection of receivables, and billing and CT Page 8381 collection of unbilled time and disbursements.
The defendants contend that the aforesaid language must be read as a condition precedent to the instant court litigation and that since the procedures called for did not take place before the instant action this court lacks subject matter jurisdiction and must dismiss the action.
In support of this proposition the defendants have cited several cases none of which involve a clause such as the one in this partnership agreement. In the cases cited the language is clear on the face of the writings that arbitration or mediation is to take place before court litigation is undertaken. Scinto v. Lees Curtain Co., Inc., 1986 W.L. 296445 (Conn.Super. 1986, West, J.) (defective notice to quit where notice to quit is a condition precedent to summary process action); Gallo v. Googins, 6 Conn. L. Rptr. 721, 7 CSCR 554,554 (Conn.Super. 1992, Hammer, J.) (failure to exhaust contractual remedies available under the collective bargaining agreement);Faustini v. Faustini Food Services, Inc., 18 Conn. L. Rptr. 299, 1996 W.L. 677459 (Conn.Super. 1996, McMahon, J.) (shareholder agreement provided for arbitration of controversies and the parties had already proceeded to arbitration); Coburn v. Grabowski, 1997 W.L. 309572 (Conn.Super. 1997, Pellegrino, J.) (contract for sale of residential property contained a "mediation" provision which the court ruled was a condition precedent). Using arbitration case law as a basis of its analysis the Coburn
court concluded that "the language of the instant contract indicate the clear intention of the parties that mediation should be a condition precedent to bringing court action."Supra 2. Finally, White v. Kampner, 229 Conn. 465 (1994) (a management contract and a purchase contract specifically calling for two negotiation sessions as a precondition to a request for arbitration).
In each of the aforesaid cases there is no ambiguity of language, nothing which leaves any doubt of the parties intent as expressed in their writings. This court finds not such specificity in Section 6.4 of the Pepe Hazard Partnership Agreement. Section 6.4 simply spells out a procedure for the orderly withdrawal or removal of a partner. It addresses the mechanics of termination as including notification of clients, transfer of client files, allotting professional liability risk, collection receivables, billing and collecting of unbilled time and disbursements. The defendants would take CT Page 8382 the words "amicably shall agree" and have Section 6.4 construed to be a precondition to litigation, a mandatory negotiation clause, similar to the provision in Faustini v.Faustini Food Services, Inc., Supra. There is nothing in the language of Section 6.4 which would call for such a construction. Courts will not construe stipulations as conditions precedent unless required to do so by plain, unambiguous language. See D'Addario v. D'Addario, 6 CSCR 463
(April 24, 1991, Flynn J.) aff'd 26 Conn. App. 795 (1992).
Since this court does not find any condition precedent which requires mandatory negotiations before litigation is instituted we need not and do not address the ripeness issue, that issue being premised on the existence of a condition precedent of mandatory negotiations before litigation.
The motion to dismiss is denied.
Mary R. Hennessey, Judge