MULTI-SERVICE CONTRACTORS, INC. *v.*
TOWN OF VERNON ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and D. SHEA, Js.

Argued May 14—decision released July 1, 1980

*Richard J. Broadman,* with whom was *Christopher C. Noble,* for the appellant (plaintiff).

*Edwin M. Lavitt,* with whom was *Steven M. Ford,* for the appellees (defendants).

BOGDANSKI, J.   The plaintiff brought an action against the town of Vernon for the unpaid balance due under the terms of a building contract, and against the members of the building committee of the town, individually and in their official capacities, for interfering tortiously with that contract.

The town filed a motion to dismiss the action on the ground that the plaintiff had failed to comply with the provision of the contract that "all claims, disputes and other matters in question between the contractor and owner arising out of, or relating to, the Contract Documents or the breach thereof . . . shall be decided by arbitration . . . ."   The individual defendants also moved to dismiss on the same ground.

The court granted both motions on the ground that the contract clearly provided that such disputes would be decided by arbitration, and since arbitration had not been pursued, the court lacked jurisdiction over the subject matter.

From the judgment rendered, the plaintiff has appealed claiming that the court erred in (1) granting the motion to dismiss on the basis of the existence of the arbitration clause and (2) granting the motion to dismiss as to the defendants who are not parties to the contract.[1]

Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract. *Kantrowitz* v. *Perlman,* 156 Conn. 224, 227–28, 240 A.2d 891 (1968). Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause.[2] While it is

---

[1] The plaintiff also argues that the court erred in not granting a stay pursuant to § 52-409 of the General Statutes. Section 52-409 provides: "STAY OF PROCEEDINGS IN COURT. If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which such action or proceeding is pending, upon being satisfied that any issue involved in such action or proceeding is referable to arbitration under such agreement, shall, *on motion of any party to the arbitration agreement,* stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with such arbitration." (Emphasis added.) Since no such motion for a stay was before the court, the court clearly did not err in not granting one.

[2] The arbitration clause in *Kantrowitz* v. *Perlman,* 156 Conn. 224, 240 A.2d 891 (1968), read as follows: "In the event that the parties shall be unable to agree with respect to any question relating

true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used. *Kantrowitz* v. *Perlman,* supra, 227–28; *First Ecclesiastical Society* v. *Besse,* 98 Conn. 616, 119 A. 903 (1923).

In *Mayron's Bake Shops, Inc.* v. *Arrow Stores, Inc.,* 149 Conn. 149, 152, 176 A.2d 574 (1961), the arbitration clause read as follows: "In the event that any dispute shall arise hereunder or in relation to matters of payment or any matter or thing contained in this Agreement or in the rights or obligations of the parties hereto, such dispute shall be referred to arbitration . . . ." By the terms of that agreement, disputes arising under it were arbitrable. Because no application was filed to set the arbitration procedure in motion, however, and no relief was sought under § 52-410[3] to compel arbitration, this court there held that the trial court was warranted in refusing to order a stay of proceedings until arbitration was had.

to the Recreational Area which may arise under the provisions of this Article, or otherwise, it is agreed that such question or controversy shall be submitted for arbitration."

[3] General Statutes § 52-410 provides in pertinent part: "A party to a written agreement for arbitration claiming the neglect or refusal of another to proceed with an arbitration thereunder may make application to the superior court . . . for an order directing the parties to proceed with the arbitration in compliance with their agreement. . . ."

The arbitration clause in this case does not require, either by express language or by necessary implication, arbitration as a condition precedent to court action. Nor was an application to compel arbitration ever made in this case. The court therefore erred in granting the defendant town of Vernon's motion to dismiss on the ground that arbitration was a condition precedent to bringing an action on the contract.

As already noted, the parties to the contract are the town of Vernon and the plaintiff. Count four of the complaint names the members of Vernon's building committee, both individually and in their official capacities, as defendants. Since they are not parties to the contract and cannot be joined in arbitration without their consent, the court erred in granting their motion to dismiss.

There is error, the judgment is set aside and the case is remanded with direction to overrule the granting of the motions to dismiss and for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.