[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The first count of the complaint is an action for negligence against the driver of a motor vehicle. The second count is against Colonial Penn Insurance Co. (Colonial) to recover under the uninsured motorist coverage provisions of an insurance policy issued to the plaintiffs. Colonial filed three special defenses, and the plaintiffs have filed a motion to strike the second and third special defenses under section 152(5) of the Practice Book on the ground that they do not state legally sufficient defenses.
The second special defense is that the court has no jurisdiction over the second count of the complaint since the uninsured motorist coverage provision in the plaintiffs' policy provides that if the insured and insurer cannot agree CT Page 315 on any matter concerning the uninsured motorist coverage, that either party can make written demand for arbitration under the rules of the American Arbitration Association. The defense further states that the plaintiffs have not made any claim for arbitration.
A motion to strike admits all facts in the challenged pleading but does not admit legal conclusions; the allegations of the special defense are entitled to the same favorable construction a trier would be required to give in admitting evidence under them, and if the facts provable under the allegation support a defense, the motion to strike must fail. Mingachos v. CBS, Inc., 196 Conn. 91, 108, 109. The provision in the insurance policy for uninsured motorist coverage arbitration is stated in the special defense. The plaintiffs claim that the policy does not require arbitration unless there is a written demand for arbitration by either party. The defense states that the plaintiffs have not requested arbitration. The plaintiffs claim that since the provision is permissive and not mandatory that arbitration is not required, and the plaintiffs can bring a direct action against the insurer. An arbitration clause in an insurance policy does not deprive the court of jurisdiction unless it expressly provides that arbitration is a condition precedent to a court action. Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445, 448; Kantrowitz v. Perlman, 156 Conn. 224,228-29; Robinson v. Aetna Casualty Surety Co.,2 Conn. L. Rptr. 123 (1990). Whether arbitration clauses preclude a direct action in court depends upon the language of the arbitration clause. Multi-Service Contractors, Inc. v. Vernon, supra, 447; 5 Am.Jur.2d 535, Arbitration and Award, Sec. 20. In order for arbitration to be a condition precedent to a court action, the agreement to arbitrate must expressly provide for it, or that conclusion must necessarily be implied from the language used. Multi-Service Contractors, Inc. v. Vernon, supra, 448; Kantrowitz v. Perlman, supra, 227-28.
The defendant relies upon Lane v. Aetna Casualty Surety Co., 203 Conn. 258, claiming that issues of coverage must be resolved by arbitration. That case is distinguishable since it was an application to compel an insurer to proceed with arbitration after a demand for arbitration by a plaintiff. This case has not reached that stage. Where neither party has demanded arbitration, a court CT Page 316 action can proceed. Multi-Service Contractors, Inc. v. Vernon, supra, 449; Mayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 152; Robinson v. Aetna Casualty Surety Co., supra.
Even where an arbitration clause is not a condition precedent to litigation, a party to the arbitration clause may obtain a stay of proceedings under section 52-409 of the General Statutes. KND Corporation v. Hartcom, Inc., 5 Conn. App. 333,336; Kantrowitz v. Perlman, supra, 229. Neither party has requested a stay under the statute, and even when such an order is granted it does not terminate the action but merely postpones its disposition. KND Corporation v. Hartcom, Inc., supra, 337. Moreover, a motion for stay will not be granted where the parties have not indicated that they are ready to proceed with arbitration. Multi-Service Contractors, Inc. v. Vernon, supra, 447. Since neither party has made any claim for arbitration, and the arbitration clause is permissive rather than mandatory, the second special defense is legally insufficient.
The third special defense states that the defendant has made payment to the plaintiffs of basic reparation benefits and that it is entitled to a set-off of these insurance payments against any verdict that the plaintiffs may recover. The defense claims a "set-off" for basic reparation benefits rather than labeling them as a collateral source payment. The semantics make no difference. Basic reparation benefits under an automobile accident insurance policy fall within the definition of "collateral sources" in section 52-225b of the General Statutes. The reduction of a verdict after trial for collateral source payments in a negligence action under section 52-572h is made by the trial judge after the trial and requires neither a special defense nor the offering of evidence on collateral sources at the trial. Accordingly, collateral source payments are not a valid special defense. See Devarajan v. Berlin Fair Agricultural Association, Inc.,7 Conn. L. Rptr. 581, 582 (1992) (Langenbach, J.) and cases cited therein. While a right of set-off must be pleaded, a collateral source payment is not a set-off. Id., 582, citing Air Flo, Inc. v. Consolidated Engineers Contractors, Inc.,5 Conn. L. Rptr. 460 (1992); Zajak v. Bock,6 Conn. L. Rptr. 473, 474. A set-off is a claim by a defendant against a plaintiff on a debt independent of the action sued upon, and a condition precedent to a set-off is that the defendant's CT Page 317 claim arises out of a debt owed by the plaintiff. Devarajan v. Berlin Fair Agricultural Association, Inc., supra, 582; Valuk v. Mathews, 4 Conn. L. Rptr. 12 (1991). Since basic reparation benefits are not a set-off as a matter of law, they do not have to be specially pleaded.
The motion to strike the second and third special defenses is granted.
Robert A. Fuller, Judge