[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants' move to dismiss this action based on insufficiency of service of process and a lack of subject matter jurisdiction.
On November 4, 1992, the plaintiff, Leonard Udolf, brought this three-count action against the defendants, Mark and Ileen Swerdloff. In the first two counts of his complaint, the plaintiff alleges that Mark Swerdloff breached his lease by failing to pay rent due, and tortiously interfered with the plaintiff's contractual relationships with the plaintiff's other tenants, respectively. In the third count, the plaintiff asserts a claim against Ileen Swerdloff in her capacity as guarantor of Mark Swerdloff's rent obligation. According to the sheriff's return of service, on October 22, 1992, the sheriff made in-hand service of an attested copy of the original writ, summons, and complaint on each defendant.
On December 23, 1992, the defendants filed pro se CT Page 3926 appearances. On December 31, 1992, the defendants filed a motion to dismiss on the grounds of insufficiency of service of process and lack of subject matter jurisdiction. The motion to dismiss is supported by a memorandum of law, as well as by affidavits of both defendants in which they state that they have attached exact photocopies of the writ, summons, and complaint that they each received. The defendants argue that the court lacks personal jurisdiction over them as a result of insufficiency of service of process in that the plaintiff failed to serve on them an attested copy of the writ, summons, and complaint. The defendants also argue that this court lacks subject matter jurisdiction because the terms of the lease make arbitration a condition precedent to litigation in this case, and neither plaintiff nor defendants have yet sought arbitration.
On January 15, 1993, the plaintiff filed a memorandum objecting to the motion to dismiss. In the memorandum, he argues (1) that the defendants waived their right to assert the lack of personal jurisdiction on December 22, 1992, when they served on the plaintiff a set of interrogatories and requests for production; and (2) that a motion to dismiss is not the appropriate procedure to raise the arbitrability of a claim and that arbitration is not a condition precedent to litigation in this case.
I. SUBJECT MATTER JURISDICTION
The motion to dismiss shall be used to assert lack of jurisdiction over the subject matter. Practice Book 143. Jurisdiction over the subject matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. Castro v. Viera,207 Conn. 420, 427, 541 A.2d 1216 (1988). Such jurisdiction relates to the court's competency to exercise power, and not to the regularity of the court's exercise of that power. Id.
 The failure of a party to exhaust available grievance and arbitration remedies is properly raised by a motion to dismiss because it implicates the court's subject matter jurisdiction and that issue is one that must be determined by the court forthwith once it is brought to its attention by such a motion or any other means. CT Page 3927
Gallo v. Googins, 7 CSCR 554, 554 (April 29, 1992, Hammer, J.).
A motion to dismiss is the appropriate vehicle for the defendant to claim the lack of subject matter jurisdiction due to the failure of a condition precedent to litigation.
 Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract. Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court.
(Citation omitted; footnote omitted). Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445, 447-48,435 A.2d 983 (1980).
The arbitration clause in this case, paragraph 8(f) of the lease, does not expressly make arbitration a condition precedent to litigation.[1]
The arbitration clause does not make arbitration a necessary condition to a right of action. Cf. Id., 446 (arbitration was not a condition precedent where agreement stated: "all claims, disputes and other matters in question between the contractor and owner arising out of, or relating to, the Contract Documents or the breach thereof . . . shall be decided by arbitration. . . .").; Kantrowitz v. Perlman,156 Conn. 224, 228, 240 A.2d 891 (1968) (arbitration was not a condition precedent where agreement stated: "[i]n the event that the parties shall be unable to agree with respect to any CT Page 3928 question relating to the Recreation Area which may arise under the provisions of this Article, or otherwise, it is agreed that such a question or controversy shall be submitted for arbitration"). Mayrons Bake Shop, Inc. v. Arrow Stores, Inc., 149 Conn. 149, 152, 176 A.2d 574 (1961) (arbitration was not a condition precedent where agreement stated: "[i]n the event that any dispute shall arise hereunder or in relation to matters of payment or any matter or thing contained in this Agreement or in the rights or obligations of the parties hereto, such dispute shall be referred to arbitration. . . ."). We conclude that the court has subject matter jurisdiction to hear the claim. The defendants' motion to dismiss on that ground is denied.
II. SERVICE OF PROCESS
"Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person. . . . Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." Bridgeport v. Debek, 210 Conn. 175, 179-80,554 A.2d 728 (1989). "Any defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance." Practice Book Section 142. The defendants filed their motion to dismiss on December 31, 1992, eight days after they filed their appearances. Thus, the motion is timely.
The plaintiff argues that the defendants waived their right to assert a lack of personal jurisdiction when they served on plaintiff a set of interrogatories and requests for production before filing their motion to dismiss. We note that the plaintiff does not provide any legal authority to support that assertion.
Practice Book 144 specifically provides that "[a]ny claim of lack of jurisdiction over the person or . . . insufficiency of service of process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142." There is no provision in the Practice Book which provides that such claims are waived by filing discovery requests. Accordingly, the defendants have not waived their claim of insufficiency of service or process because they served upon CT Page 3929 the plaintiff a set of interrogatories and requests for production prior to filing their motion to dismiss, which was filed both in the sequence provided in Practice Book 112 and 113 and within the thirty-day period provided in Practice Book 142, as required by Practice Book 144. See Skowronski v. Barnette, 1 Conn. L. Rptr. 505 (April 16, 1990, Fuller, J.).
"[T]he service of a writ of summons shall be made by the officer reading it and the complaint accompanying it in the hearing of the defendant or by leaving an attested copy thereof with him or at his usual place of abode." General Statutes 52-54. A sheriff's return is prima facie evidence of the facts stated therein. Jenkins v. Bishop Apartments, Inc., 144 Conn. 389, 390, 132 A.2d 573 (1957). The facts stated in a sheriff's return "may be contradicted and other facts introduced to show otherwise." Geung's Inc. v. Rice,33 Conn. Sup. 554, 558, 362 A.2d 540 (App. Sess. 1976).
The attestation required by General Statutes 52-54 is normally placed on the back of the writ, summons, and complaint. The single-sided photocopies of the complaint annexed to the affidavits show only the face of the writ, summons, and complaint served on each of the defendants. Furthermore, the affidavits supporting the motion do not assert absence of an attestation. Instead, they merely offer up photocopies of each writ, summons, and complaint for the court's inspection. Because the defendants have not offered both sides of each writ, summons, and complaint for the court's inspection, they have not contradicted the prima facie evidence stated in the sheriff's return. Based on the facts stated in the sheriff's return, the court concludes that each writ, summons, and complaint was properly attested. Accordingly, defendants' motion to dismiss based on insufficiency of service is denied.
Hennessey, J.