[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS OR STAY #104
On June 24, 1996, the plaintiff, Brenda Bryan, filed a three count action in breach of contract, breach of the implied covenant of good faith and fair dealing and negligent misrepresentation against the defendant, Warnaco, Inc. The plaintiff alleges that she began employment with the defendant as an estimator on May 9, 1994. The plaintiff further alleges that, because of a preexisting spinal injury, she was forced to miss work on certain dates, and that the defendant subsequently terminated the plaintiff for what the defendant alleged was excessive absenteeism. The plaintiff alleges that she followed all of the procedures in the employee handbook, and that the defendant failed to follow such procedures.
On June 14, 1996, the defendant filed a motion to dismiss, or, in the alternative, to stay the action, pursuant to General Statutes § 52-409, on the ground that the dispute falls under the terms of an arbitration agreement entered into between the plaintiff and the defendant. The defendant also filed a supporting memorandum of law, dated June 13, 1996, and a supplemental memorandum of law, dated July 11, 1996. The plaintiff filed a memorandum in opposition dated July 12, 1996.
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be CT Page 5149-LL heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). Practice Book § 143 provides in part that a "motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . . ." "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources, 225 Conn. 13,29, 621 A.2d 719 (1993).
The defendant maintains that the court lacks subject matter jurisdiction over this action because arbitration is a condition precedent to commencing an action at law. The plaintiff claims that the authority cited by the defendant does not support a dismissal, but rather that the action should be stayed.
"Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it no action can be brought on the contract." Multi-service Contractors. Inc. v.Vernon, 181 Conn. 445, 447, 435 A.2d 983 (1980). "Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the agreement. . . . In the absence of such express language, a provision for arbitration may be construed to be a condition precedent to suit by implication, but that implication must be so plain that a contrary intention cannot be supposed nor any other inference made. It must be a necessary implication." (Citation omitted.) Kantrowitz v.Perlman, 156 Conn. 224, 227, 240 A.2d 891 (1968). "The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court." Multi-Service Contractors, Inc. v.Vernon, supra, 181 Conn. 448.
The arbitration agreement entered into between the plaintiff and the defendant does not contain express language which makes arbitration a condition precedent to bringing an action in court. Furthermore, although the scope of the agreement covers the claims brought by the plaintiff, and provides that the parties waive their right to a trial by court or jury, such language does not necessarily imply that arbitration is a condition precedent. CT Page 5149-MM Rather, such language cannot affect a civil action until a party to the agreement seeks to enforce the provisions of that agreement. Therefore, the agreement does not carry the necessary implication that arbitration is a condition precedent to commencing an action in court. Accordingly, the defendant's motion to dismiss is denied.
Nevertheless, § 52-409 provides that "[i]f any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action is proceeding or pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, upon motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with arbitration." Therefore, this action is stayed pending arbitration under the agreement entered into between the plaintiff and the defendant.
BALLEN, JUDGE