[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#117.00)
On August 18, 1997, the plaintiff, Personal Reminders, Inc., filed a three count complaint against SNET Mobility, Inc. The following facts are alleged in the complaint: On August 27, 1990, Personal Reminders, Inc. (Personal Reminders) and SNET Mobility, Inc. (SNET) entered into a contract entitled "Distribution Agreement" (agreement). On December 18, 1991, the president of SNET unilaterally terminated the parties' contract in violation of Article 8 of the agreement. Count one alleges breach of contract. Count two alleges that SNET breached the covenant of good faith and fair dealing as set forth in Uniform Commercial Code, General Statutes § 42a-1-203. Count three alleges that SNET violated the Connecticut Unfair Trade Practices Act (CUTPA). Personal Reminders attached a copy of the parties' agreement to the complaint.
On October 28, 1997, SNET filed a motion to strike count two of Personal Reminders' complaint on the ground that the UCC does not apply to service agreements. The court (Mintz, J.) granted SNET's motion to strike on November 17, 1997.
On January 13, 1998, SNET filed a motion for summary judgment as to the two remaining counts of Personal Reminders' complaint. The motion was denied on March 9, 1998, as there remained genuine issues of material fact.
On March 17, 1998, Personal Reminders filed a revised one count complaint sounding in breach of contract.
On April 14, 1998, SNET filed the present motion to dismiss Personal Reminders' revised complaint on the ground that the court lacks subject matter jurisdiction. SNET argues that the court lacks subject matter jurisdiction over Personal Reminders' action because Personal Reminders has not satisfied the condition precedent of arbitration as required under the parties' agreement.
On May 28, 1998, Personal Reminders filed a memorandum of law in opposition to SNET's motion to dismiss. Personal Reminders argues that the motion to dismiss should be denied for the following reasons: 1) SNET has waived the right to enforce the arbitration clause found in the parties' agreement; 2) Personal Reminders would be left with no remedy if the court grants the motion to dismiss;[1] 3) the arbitration clause may not be enforced because it was not agreed to by Personal Reminders;[2]
4) the arbitration clause did not survive the contract;[3] 5) the CT Page 10902 limitation of actions clause found in the agreement is unenforceable.[4]
On June 2, 1998, SNET filed a supplemental memorandum of law in support of its motion.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13,668 A.2d 1314 (1995). "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Practice Book § 145, now Practice Book (1998 Rev.) § 10-33.
"[A] motion to dismiss is the appropriate procedural vehicle for raising the claim that a plaintiff failed to submit a contract claimed to arbitration before filing a lawsuit." KCK, Inc. v.Matthews Ventures, Superior Court, judicial district of New Haven at Meriden, Docket No. 248439 (January 16, 1996, Silbert, J.). See generally Multi-Service Contractors, Inc. v. Vernon,181 Conn. 445, 435 A.2d 983 (1980).
SNET argues that § 9(k) of the agreement requires the parties to settle the present breach of contract action by arbitration. Personal Reminders does not counter that the parties' agreement requires the present dispute to be settled by arbitration. Personal Reminders, however, asserts that SNET has waived the arbitration clause by its participation in the present action.
It must first be determined whether the agreement required the parties to settle the present breach of contract action by arbitration. "Arbitration is a creature of contract . . . But a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which he has agreed so to do. . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so. . . . The issue of whether the parties to a contract have agreed to arbitration is controlled by their intention. . . ." (Citation omitted; internal quotation marks omitted.) Spicer v. Spicer, 33 Conn. App. 152, 159-60, 634 A.2d 902
(1993), cert. denied, 228 Conn. 920, 636 A.2d 850 (1994).
"Whether an agreement makes arbitration a condition precedent CT Page 10903 to an action in court depends on the language of the arbitration clause. . . . The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used. . . ." (Citations omitted.) Multi-Service Contractors, Inc. v.Vernon, supra, 181 Conn. 447-48.
In Multi-Service Contractors, Inc. v. Vernon, supra, the court held that the following arbitration provision did not expressly or impliedly require arbitration as a condition precedent to an action in court: "[A]ll claims, disputes and other matters in question between the contractor and owner arising out of, or relating to, the Contract Documents or the breach thereof . . . shall be decided by arbitration. . . ." (Internal quotation marks omitted.) Multi-Service Contractors, Inc. v.Vernon, supra, 181 Conn. 446.
The arbitration clause found in the parties' agreement in the present case, however, provides:
 Other than a claim or cause of action arising from or relating to the Uniform Trademark Act, Sections 3(e) and (l), 7 and 8(c) and (d) herein, any other controversy, dispute or claim arising out of or relating to the Agreement, or the breach thereof, shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. Said arbitration proceeding is a condition precedent to and is a complete defense to the commencement of any suit, action or proceeding in any federal or state court with respect to any controversy or claim arising under this Agreement.
Section 9(k) of 1990 Distributor Agreement.
The present arbitration clause expressly stipulates that arbitration is a condition precedent to an action in court. Personal Reminders' complaint alleges that SNET breached § 8 of the parties' agreement. Accordingly, it is submitted that the agreement required the parties to settle the present breach of contract dispute by arbitration as a condition precedent to court action. CT Page 10904
Notwithstanding, "an arbitration clause may be waived by the parties or one of the parties entitled to its benefit. . . . Thus, unjustifiable delay in seeking arbitration may warrant a finding of waiver. . . . The same result follows from the going to trial without insisting upon the arbitration condition. . . ." (Citation omitted; internal quotation marks omitted.) Waterbury TeachersAssn. v. Waterbury, 164 Conn. 426, 435, 324 A.2d 267 (1973). See also Sylvia Construction Company v. BJR Construction, Inc., Superior Court, judicial district of New London at New London, Docket No. 509246 (January 23, 1991, Axelrod, J.).
"Initiation or participation in litigation are not the only grounds upon which a finding of waiver can be made. Any conduct showing a party did not regard the arbitration agreement in effect or that it did not intend to avail itself of such a provision can constitute waiver." Levine v. Advest, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 541857 (July 18, 1995, Corradino, J.) (14 Conn. L. Rptr. 507), rev'd on other grounds, 224 Conn. 732, ___ A.2d ___ (1998). "[A]lthough the cases on waiver in this area are almost suitable for framing in the concise way they set forth their black letter law, the application of the waiver analysis does not [necessarily] supply an easy answer." Id.
Waiver of the right to arbitrate has been found when the defendant initially refused to submit a dispute to arbitration and then willingly engaged in litigation by filing responsive pleadings and by conducting discovery. Sylvia ConstructionCompany v. BJR Construction, Inc., supra, Superior Court, Docket No. 509246. Waiver has also been found when a party actively pursues litigation over three years, and "[engages] in extensive pleading and motion practice, substantial discovery and pretrial proceedings, and . . . twice [represents] that no agreement to [arbitrate existed] between the parties. . . ." Premier RoofingCo., Inc. v. Ins. Co. of North America, Superior Court, judicial district of Danbury, Docket No 312438 (November 22, 1996, Stodolink, J.). See also Naftzger v. Naftzger Kuhe, Inc.,26 Conn. App. 521, 602 A.2d 606 (1992) (attorney trial referee found that defendant waived right to arbitrate after both parties presented evidence at a hearing).
In the present case, Personal Reminders filed its complaint on August 18, 1997. SNET first filed a motion to strike count two of Personal Reminders' complaint which was granted by the court (Mintz, J.) on November 17, 1997. SNET next filed a motion for CT Page 10905 summary judgment which was denied on March 9, 1998. On March 17, 1998, Personal Reminders amended its complaint to state only a breach of contract claim. SNET's motion to dismiss was filed on April 17, 1998. SNET's motion to dismiss was filed less than a year later than Personal Reminders' original complaint. SNET has not filed an answer to Personal Reminders' complaint.
Moreover, SNET has not represented that the parties' did not have an agreement to arbitrate disputes arising from their contract. SNET's actions in the present litigation have not demonstrated a waiver of its right to arbitrate.
The defendant's motion to dismiss is granted as the court lacks subject matter jurisdiction over the plaintiff's complaint.
KARAZIN, J.