[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION (#101)
The plaintiffs Paul and Jill Gavalis have brought this action against the Defendants, Richard and Mary Wheeler and the Defendant Martin Schaefer (named therein as Martin Schafer). The underlying action concerns alleged defects in residential real property purchased by the Plaintiffs from the Wheelers. The complaint is in four counts. The First and Second Counts are CT Page 236 directed against the Wheelers, and are not presently in issue.
The Third and Fourth Counts are directed at the Defendant Schaefer "doing business under the name Martin H. Schafer (sic) Inspection Service," and are in issue. These counts allege that the Plaintiffs and Schaefer entered into a contract whereby prior to purchase Schaefer was to conduct a mechanical inspection of the subject premises. The Plaintiffs claim that Schaefer's certification after inspection that the subject premises were "fit and habitable" constituted both a breach of contract (Third Count) and a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. (Fourth Count).
The Defendant Schaefer has moved to dismiss the action as against him.[1] The motion asserts that the contract between the Plaintiffs and Schaefer require that any disputes be submitted to arbitration and that such arbitration is a condition precedent to the bringing of any lawsuit. Therefore, according to Schaefer, the court lacks subject matter jurisdiction to entertain the action against him, as no such arbitration proceeding has been commenced.
The motion to dismiss is the proper motion to assert lack of subject matter jurisdiction. Practice Book § 10-31. Once raised, it must be acted upon immediately by the court. Gurliacciv. Mayer, 218 Conn. 531, 545 (1991). In ruling upon a motion to dismiss, the court must construe the facts alleged in the complaint, including those necessarily implied from the allegations, in a manner most favorable to the plaintiff.Pamela B. v. Ment, 244 Conn. 296, 308 (1998).
Our Supreme Court "has for many years wholeheartedly endorsed arbitration as an effective alternative method of settling disputes intended to avoid the formalities, delay, expense and vexation of ordinary litigation. (Internal quotation marks omitted.)" Fink v. Golenbock, 238 Conn. 183, 194 (1996), quotingO G/O'Connell Joint Venture v. Chase Family Ltd. PartnershipNo. 3, 203 Conn. 133, 145 (1987).
"Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be CT Page 237 brought on the contract." Multi-Service Contractors Inc. v.Vernon, 181 Conn. 445, 447 (1980), citing Kantrowitz v. Perlman,156 Conn. 224, 227-28 (1968).
"The mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation." Multi-Service Contractors v.Vernon, supra, 447-48.
"Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit, that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication." Id.
The subject contract is annexed to the affidavit of the Defendant Schaefer submitted as part of the motion. The Arbitration clause reads in pertinent part as follows:[2]
 Any dispute, controversy or claim arising out of, or relating to, this agreement or the breach thereof shall be submitted to final and binding arbitration. Both Company and Client agree arbitration shall be a condition precedent to the bringing of a lawsuit against an inspector or the Company arising out of this agreement.
This clause is sufficiently explicit to make arbitration a condition precedent to the bringing of this action. Multi-ServiceContractors v. Vernon, supra, 447-48.
Moreover, the Plaintiffs have not filed a memorandum of law in opposition to this motion, as required by Practice Book §10-31(b), and therefore are deemed not to object to the granting of this motion.
The motion to dismiss is granted.
David L. Fineberg Superior Court Judge