[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION TO DISMISS
The defendants argue that the case should be dismissed for lack of subject matter jurisdiction because the joint venture agreement upon which the complaint is based provides for resolution of any disputes to be by arbitration.
"Arbitration is a creature of contract . . . It is designed to avoid litigation and secure prompt settlement of disputes and is favored by the law . . . But a person can be compelled to arbitrate a dispute only if, to the extent that, and in the manner which, he has agreed to do so . . . No one can be forced to arbitrate a contract dispute who has not previously agreed to do so. A. Dubreuil Sons Inc. v. Lisbon, 215 Conn. 604, 608,577 A.2d 709 (1990). Mall v. Konkos, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 150949 (February 28, 1997, Karazin, J.). "Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract . . . Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause . . . For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used." Multi-ServiceContractors, Inc. v. Vernon, 181 Conn. 445, 447, 435 A.2d 983
CT Page 2888 (1980) "The mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to an action in court." Multi-ServiceContractors Inc. v. Vernon, supra, 181 Conn. 448. If there is doubt as to whether an issue is arbitrable, the court should resolve the question in favor of arbitration. Fink v. Golenbock,238 Conn. 183, 195, 680 A.2d 1243 (1996).
In Multi-Service Contractors, Inc. v. Vernon, supra,181 Conn. 449, the court held that the arbitration provision, which provided that "all claims, disputes and other matters in question between the contractor and owner arising out of or relating to, the Contract Documents or the breach thereof . . . shall be decided by arbitration . . .", was not a condition precedent, either by express language or by implication, to court action. InMayron's Bake Shops, Inc. v. Arrow Stores, Inc., 149 Conn. 149,152, 176 A.2d 574 (1961), the court held that the arbitration clause in this agreement, which provided that "[i]n the event that any dispute shall arise hereunder or in relation to matters of payment or any matter or thing contained in this Agreement or in the rights or obligations of the parties hereto, such dispute shall be referred to arbitration . . .", was an arbitrable matter. The court, however, refused to compel arbitration under Connecticut General Statutes § 52-410 because the tenant-defendant waived his right to arbitrate by delaying starting the arbitration process. In addition, numerous superior courts have held that they had subject-matter jurisdiction because the arbitration clauses in the agreements did not expressly provide that arbitration was a condition precedent for court action. See Scalzo v. Sandvick Associates, Inc., Superior Court, judicial district of Danbury, Docket No. 330379 (April 9, 1998, Radcliff, J.) (arbitration clause which provided "all claims, disputes, differences, controversies and questions which may arise concerning the matters and obligations set forth in the Agreement, or for the construction or application of this Agreement, or concerning any liabilities created hereunder, or any act or omission of any part hereto, shall be subject to arbitration in accordance with the rules and regulations then in force of the American Arbitration Association . . ." was not a condition precedent) LDA Steel Corp. v. Wayne Construction, Inc., Superior Court, judicial district of Danbury, Docket No. 323109 (April 30, 1997, Moraghan, J.) (the arbitration clause did not contain either an express or an implied restriction that the parties must arbitrate their dispute before bringing a claim to the court); Udolf v. Swerdloff, Superior Court, judicial district CT Page 2889 of Hartford/New Britain at Hartford, Docket No. 519160 (April 22, 1993, Hennessey, J.) (court had subject matter jurisdiction because the arbitration clause, which provided that any disputes between the parties which they could not resolve would be submitted to arbitration, was not a necessary condition to a right of action); Neverisky v. Masi, Superior Court, judicial district of Danbury, Docket No. 307943 (January 21, 1993, Fuller,J.) (arbitration clause in uninsured motorist coverage provision was permissive rather than mandatory); Robinson v. Aetna Casualty Surety Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 028757 (July 20, 1990) (stipulation in insurance policy that the insurer has the option to seek to arbitrate a claim was not a condition precedent to a court action because it merely provided a remedy at the request of one of the parties).
The arbitration clause in the present case provides: "9. Any disputes in this Agreement shall be heard by an arbitrator and either party may solicit the services of the American Arbitration Association if they are unable to agree upon and [sic] arbitrator, and the decision of the arbitrator shall be binding upon the parties and shall be enforceable by a subsequent action in court ordering compliance with the arbitrator's order, and directing attorney's fees and other costs associated with achieving the order of the arbitrator."
The language in the arbitration clause does not expressly provide that arbitration is a condition precedent to any court action. There is no language in the arbitration clause that would necessarily imply that arbitration is a condition precedent. The language in the present arbitration clause is very similar to the language in the clauses where the courts have held that there was no condition precedent. Further, the provision for subsequent court action does not imply that arbitration is a condition precedent to court action because arbitration awards generally are enforceable by the courts. See Connecticut General Statutes §§ 52-408, 52-417, 52-418 and52-419; Garrity v. McCaskey, 223 Conn. 1,4, 512 A.2d 742 (1992); Town of Stratford v. InternationalAssociation of Firefighters, 48 Conn. App. 849, 856-57, 713 A.2d 269, cert. granted, 245 Conn. 918, 717 A.2d 236 (1998);Spearhead Construction Corp. v. Bianco, 39 Conn. App. 122,130, 665 A.2d 86, cert. denied, 235 Conn. 928,667 A.2d 554 (1995). An arbitration clause that provides for review and enforcement of CT Page 2890 an arbitration award by the courts does not imply that arbitration is a condition precedent to the court taking any other action.
The court has no doubt but that the arbitration clause here is not a condition precedent to this court taking action on this case. The motion to dismiss is accordingly denied.
By the court,
GILL, J.