[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS (#103)
I. Factual and Procedural Background
The plaintiff, Century 21-Yankee House Peddlers, Inc. ("Century 21"), filed suit on May 19, 1999, against the defendant, Hillshire House, Inc., d/b/a DeWolfe New England ("DeWolfe"), seeking a commission allegedly owed pursuant to a listing agreement between the parties. Century 21 claims that despite this agreement, DeWolfe has failed to honor its agreement to share a certain commission with Century 21.
On May 28, 1999, pursuant to General Statutes § 52-409,[1]
DeWolfe filed a motion to stay proceedings pending arbitration and a supporting memorandum of law. DeWolfe argued that both parties, as CT Page 4899 members of the Middlesex Shoreline Association of Realtors, Inc. ("the Shoreline Association"),[2] are bound by Article 17 of the National Association of Realtors' Code of Ethics and Standards of Practice ("the Code"). DeWolfe argued that pursuant to the Code, this dispute must be submitted to arbitration in accordance with the regulations of the parties Board, or Boards, rather than litigate this matter. Century 21 did not file an objection to this motion. On July 13, 1999, the court granted DeWolfe's motion to stay pending arbitration.
On December 14, 1999, DeWolfe filed a motion to dismiss, memorandum of law, affidavit, and exhibits, pursuant to Practice Book § 10-31
(1) arguing that this suit should be dismissed for lack of subject matter jurisdiction because Century 21's claim is covered by a binding arbitration agreement between the parties. Century 21 did not file an objection to this motion.
For the reasons discussed below, DeWolfe's motion to dismiss is granted.
II. Standard of Review
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter." (Internal quotation marks omitted.) Practice Book § 10-31(1).
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.)Doe v. Roe, 246 Conn. 652, 661, 717 A.2d 706 (1998). "[A] claim that [the] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowling v. Slotnik,244 Conn. 781, 787, 712 A.2d 396 (1998). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996).
III. Discussion
CT Page 4900
DeWolfe moves to dismiss arguing that the court lacks subject matter jurisdiction because Century 21's claim is covered by a binding arbitration agreement between the parties which requires that the parties arbitrate the claim prior to litigation. Century 21 did not file an objection to this motion.
"Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause."Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445, 447,435 A.2d 983 (1980). "The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used." Id., 448. Since this case involves definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law. Levine v. Massey,232 Conn. 272, 278, 654 A.2d 737 (1995).
The court finds that at the time this dispute arose, and at the time this lawsuit was filed, Century 21 and DeWolfe had an agreement to arbitrate the type of claim at issue here under Article 17 of the Code pursuant to their membership with the Shoreline Association.[3] This agreement to arbitrate is an absolute prerequisite to litigation. Century 21 has made no filings opposing application of the Code here, or disputing that the Code expressly stipulates that arbitration is a prerequisite to litigation. Also, the record reflects that the manager and counsel for the Shoreline Association state that the Code requires that arbitration is a prerequisite to litigation.
Instead of proceeding to arbitration as required by the Code, Century 21 filed this lawsuit. Recognizing that under the Code arbitration is an absolute prerequisite to litigation, the court granted DeWolfe's motion to stay pending arbitration. DeWolfe, ready and willing to arbitrate, then submitted the claim to the Shoreline Association. There is no evidence that Century 21 made any effort to submit its claim to arbitration. Instead, sometime after the Shoreline Association gave notice to Century 21 that it received its claim from DeWolfe, Century 21 resigned from the Shoreline Association. Both the manager and counsel for the Shoreline Association state that arbitration is an absolute prerequisite to litigation here. However, they state that the Shoreline Association can not presently hear this claim because Century 21 has resigned. They also state that Century 21 can have its claim heard by the CT Page 4901 Shoreline Association, or another Board, if it re-applies for membership.
Century 21 has placed itself in this position. If it wishes to have its claim heard, it must re-apply for membership with the Shoreline Association, or another Board, and proceed to arbitration. Accordingly, the motion to dismiss is granted.
IV. Conclusion
For the foregoing reasons, De Wolfe's motion to dismiss is granted.
It is so ordered.
ROGERS, JUDGE.