[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The third party defendant Huss' motion to dismiss the third party CT Page 15161 complaint is based upon an arbitration clause contained in the sales contract between it and defendant Lake Compounce. Huss argues that the third party complaint should be dismissed because the court lacks subject matter jurisdiction in light of the arbitration clause. That clause reads,
13. Arbitration
 All disputes arising in connection with the present Contract shall be finally settled under the rules of conciliation and arbitration of the International Chamber of Commerce, Paris, by one or more arbitrators appointed in accordance with the said rules.
Under Connecticut law, where there is a clause in a contract that arbitration shall be a condition precedent to a right of action on the contract, the clause must be enforced prior to an action being brought.Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445, 447 (1980). Further,
 While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used.
Id, 448.
Reviewing the language of the clause that was in the Multi-ServiceContractors case and comparing it with the language of the clause in this case, the court cannot find that arbitration was a condition precedent to this third party action. Accordingly, the motion is denied.
Huss requests in the alternative a stay of proceedings under General Statutes § 52-409. That statute provides,
 If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action CT Page 15162 or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration.
Here, the plaintiff, who is not a party to the contract containing the arbitration, brought a negligence action against Lake Compounce. The third party complaint rests upon the claims of the negligence action. The court sees no benefits in staying the third party action for immediate arbitration while the plaintiff proceeds with his personal injury action. The issues of liability and damages would be an integral part of any resolution between the Lake Compounce and Huss. Parenthetically, the court advises the parties that it would entertain a request for alternative dispute procedures prior to trial. The motion for stay is denied.
The motion to dismiss is denied, and the motion for stay of proceedings pending arbitration is denied.
DiPentima, J.