[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#108)
On October 15, 1999, the plaintiff filed an amended single count complaint against the defendants seeking foreclosure of a mechanics lien. On May 9, 2000, the defendants filed a motion to dismiss the plaintiff's amended complaint on the ground that the court lacks subject matter jurisdiction because of a mandatory arbitration clause in the contract. On November 17, 2000, the plaintiff filed an objection to the defendants' motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[A] motion to dismiss is not designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Old Saybrook, 225 Conn. 177,185, 621 A.2d 1322 (1993). "The standard of review of a motion to dismiss is . . . well established. In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader." (Internal quotation marks omitted.) Brennan v. Fairfield,58 Conn. App. 191, 195, 753 A.2d 396 (2000). CT Page 4829
"Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract. . . . Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily by implied from the language used." (Citation omitted.)MultiService Contractors, Inc. v. Vernon, 181 Conn. 445, 447-48,435 A.2d 983 (1980).
In Multi-Service Contractors, Inc. v. Vernon, supra, 181 Conn. 445, the arbitration clause read as follows: "all claims, disputes and other matters in question between the contractor and owner arising out of, or relating to, the Contract Documents or the breach thereof . ., shall be decided by arbitration. . . ." (Internal quotation marks omitted.) Id., 446. After careful review, the Supreme Court held that the arbitration clause "does not require, either by express language or by necessary implication, arbitration as a condition precedent to court action." Id., 449.
In the present case, the arbitration clause reads in pertinent part as follows: "Any controversy or Claim arising out of or related to the Contract, or the breach thereof, shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.3.5." (Defendants' Supplemental Memorandum of Law, Exhibit A, p. 12.)
The court finds, therefore, that the language in the arbitration clause does not expressly provide or necessarily imply that arbitration is a condition precedent to any court action. See MultiService Contractors,Inc. v. Vernon, supra, 181 Conn. 445. In addition, this court has previously denied motions to dismiss based on lack of subject matter due to arbitration clauses. See Henry v. Cardinal Business Media, Inc., Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket CT Page 4830 No. 147159 (March 15, 1996, Tobin, J.) (16 Conn.L.Rptr. 327); Skolnick Son, Inc. v. First Baptist Church of Stratford, Inc., Superior Court, judicial district of Fairfield at Bridgeport. Docket No. 322330 (July 25, 1995, Tobin, J.). "The arbitration clause does not affect the court's jurisdiction and therefore, the court will not grant the motion to dismiss. [T]he mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation. Kantrowitz v. Penman, 156 Conn. 224, 228-29, 240 A.2d 891
(1968); Multi-Service Contractors v. Vernon, 181 Conn. 445, 447-48,435 A.2d 983 (1980). The courts have held almost universally that under the common law, the parties to a dispute may not oust the jurisdiction of the courts by an agreement to arbitrate. 5 Am.Jur.2d Arbitration and Award, 36, p. 543. . . ." (Internal quotation marks omitted.) Henry v.Cardinal Business Media, Inc., supra, 16 Conn.L.Rptr. 328; see alsoTarlow v. Gateway Country Store, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 175198 (May 2, 2000, D'Andrea, J.) (27 Conn.L.Rptr. 115); Handrinos v. Lathouris, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 160692 (November 13, 1997, Mintz, J.); LDA Steel Corp. v. Wayne Construction,Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 323109 (April 30, 1997, Moraghan, J.). For the foregoing reasons, the defendants' motion to dismiss is hereby denied.
This is not to say, however, that the defendants are without a process by which to enforce the arbitration clause. The defendants properly may move for a stay pursuant to General Statutes § 52-409[1] and/or make application to the Superior Court for an order to compel arbitration pursuant to General Statutes § 52-410.[2] See Skolnick Son, Inc.v. First Baptist Church of Stratford, Inc., supra, Superior Court, Docket No. 322330. Consequently, because the defendants have not yet sought to avail themselves of a stay of the proceedings, the court need not determine whether a stay of the proceedings would be suitable at this time. See Kantrowitz v. Perlman, supra, 156 Conn. 229.
TOBIN, J.