[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On March 21, 2001, the plaintiff, Round Hill Properties, Ltd., filed a complaint against the defendants, Cathlow Associates, LLC (Cathlow), Felice Rovelli, Melissa Rovelli and Jeremy Kaye (Kaye) (collectively, the defendants, alleging that the defendants fraudulently conveyed certain real property in order to avoid or hinder the plaintiff's ability to collect on a $1.3 million dollar debt for construction work that had been performed.[1] The plaintiff seeks to have the conveyance set aside and/or money damages. On April 26, 2001, the defendants filed a motion to dismiss this action on the ground that the court lacks subject matter jurisdiction, as disputes arising between the parties are subject to an unrestricted arbitration agreement which requires resolution of the plaintiff's claim by arbitration.[2]
In present case, the record reveals the following pertinent facts: The parties' dispute arises out of the construction of a dwelling located in Greenwich. The plaintiff agreed to build the dwelling for defendants Felice and Melissa Rovelli pursuant to a contract dated March 15, 1996. At the time the contract was executed, title to the property was held by defendant Kaye, as trustee. In March of 1997, the plaintiff was dismissed from working on the construction project. The contract contains a clause providing for the arbitration of disputes arising out of, or relating to, the contract or its breach. In May of 1997, both Kaye and the plaintiff filed a demand for arbitration. In 1998, Kaye transferred title to the property and assigned the pending arbitration claim to Cathlow. Title to the land and the dwelling presently remains with Cathlow. Cathlow, a limited liability company, is managed by Felice Rovelli. In January of 1999, the plaintiff received notice of the transfer of title and assignment of the arbitration claim by virtue of a motion to substitute Felice Rovelli as claimant in the arbitration. The substitution entitled Felice Rovelli to act on behalf of Cathlow, in lieu of Kaye. On August 17, 2000, by agreement of the parties and the arbitration panel, the evidentiary portion of the arbitration closed and on March 9, 2001, the parties submitted final briefs in the arbitration. Shortly thereafter, the plaintiff commenced this action.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." CT Page 11933 (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). A claim that the court lacks subject matter jurisdiction may be raised at any time. Dowling v.Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017,119 S.Ct. 542, 142 L.Ed.2d 451 (1998). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." Id. Once a court's subject matter jurisdiction is called into question, it must be disposed of no matter in what form it is presented, and the court must fully resolve it before proceeding further with the case. Figueroa v. CS Ball Bearing,237 Conn. 1, 4, 675 A.2d 845 (1996). "The motion to dismiss . . . admits all facts which are well pleaded, invokes the existing record and must be decided upon that alone. . . . Where, however, . . . the motion is accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Citations omitted; internal quotation marks omitted.)Barde v. Board of Trustees, 207 Conn. 59, 61-62, 539 A.2d 1000 (1988). "[A] motion to dismiss is the appropriate procedural vehicle for raising the claim that a plaintiff failed to submit a contract claimed to arbitration before filing . . . a lawsuit." Personal Reminders v. SNETMobility, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160743 (September 25, 1998, Karazin, J.).
The defendants argue that in accordance with the unrestricted arbitration agreement, the parties have been engaged in arbitration for over four years during which time the plaintiff could have appropriately pursued its present claim. Moreover, the defendants assert that less than one week after the parties filed their final briefs in the arbitration, the plaintiff commenced this action, despite having had a full and fair opportunity to raise its claim in the arbitration. Consequently, the defendants conclude that the plaintiff's action should be dismissed, either on the basis of lack of subject matter jurisdiction or, alternatively, on the ground that the plaintiff relinquished or waived its present claim by failing to raise it in arbitration. In opposition, the plaintiff argues that Connecticut courts have the authority to allow parties to arbitrations to protect their security interests in property. The plaintiff contends that the filing of a notice of a lis pendens[3]
is not precluded by the arbitration agreement and therefore, this court has subject matter jurisdiction to preserve the plaintiff's interest in the subject property.
"Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient CT Page 11934 reason given for not pursuing it, no action can be brought on the contract. . . . Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause. While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court. For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily by implied from the language used." (Citation omitted.)MultiService Contractors, Inc. v. Vernon, 181 Conn. 445, 447-48,435 A.2d 983 (1980).
In Multi-Service Contractors, Inc. v. Vernon, supra, 181 Conn. 445, the arbitration clause read as follows: "all claims, disputes and other matters in question between the contractor and owner arising out of, or relating to, the Contract Documents or the breach thereof . . ., shall be decided by arbitration." (Internal quotation marks omitted.) Id., 446. After careful review, the Supreme Court held that the arbitration clause "does not require, either by express language or by necessary implication, arbitration as a condition precedent to court action." Id., 449.
In the present case, the arbitration clause reads in pertinent part as follows: "Any controversy or Claim arising out of or related to the Contract, or the breach thereof shall be settled by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator or arbitrators may be entered in any court having jurisdiction thereof, except controversies or Claims relating to aesthetic effect and except those waived as provided for in Subparagraph 4.3.5." (Defendants' Memorandum, p. 11; Defendants' Exhibit submitted July 27, 2001, Contract Subparagraph 4.5.1.)
This court finds, therefore, that the language contained in the arbitration clause does not expressly provide or necessarily imply that arbitration is a condition precedent to any court action. SeeMulti-Service Contractors v. Vernon, supra, 181 Conn. 447-8; comparePersonal Reminders v. SNET Mobility, supra, Superior Court, Docket No. 160743 (court granted motion to dismiss where arbitration clause expressly stipulated arbitration was condition precedent to action in court). Moreover, the arbitration clause language presently before this court is identical to that of the arbitration clause at issue in the well-reasoned decision of McLevy Builders v. Kavanagh, Superior Court, CT Page 11935 judicial district of Stamford/Norwalk at Stamford, Docket No. 169122 (April 3, 2001, Tobin, J.), where the court denied a motion to dismiss brought on similar grounds. See also Henry v. Cardinal Business Media,Inc., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 147159 (March 15, 1996, Tobin, J.) (16 Conn. L. Rptr. 327) (denying motion to dismiss based on lack of subject matter jurisdiction due to arbitration clause); Skolnick Son, Inc. v. First Baptist Churchof Stratford, Inc., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 322330 (July 25, 1995, Tobin, J.) (same). "The courts have held almost universally that under the common law, the parties to a dispute may not oust the jurisdiction of the courts by an agreement to arbitrate." (Internal quotation marks omitted.) Tarlow v.Gateway Country Store, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 175198 (May 2, 2000, D'Andrea,J.) (27 Conn. L. Rptr. 115); see also Handrinos v. Lathouris, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160692 (November 13, 1997, Mintz, J.); LDA Steel Corp. v. WayneConstruction, Inc., Superior Court, judicial district of Danbury at Danbury, Docket No. 323109 (April 30, 1997, Moraghan, J.).
The court is similarly unpersuaded by the defendants' argument that the plaintiff's action must be dismissed on the ground that the plaintiff relinquished or waived its right to pursue its present claim, either in the Superior Court or in arbitration, by failing to raise it in the prior arbitration engaged in by the parties. The case relied upon by the defendants in support of their waiver argument is inapposite. In PremierRoofing Co., Inc. v. Insurance Co. of North America, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 312438 (November 22, 1996, Stodolink, J.), the court denied the plaintiff's motion for an order to compel arbitration and for a stay pending arbitration. The court held that the plaintiff acted inconsistently with any right to arbitrate and substantially prejudiced the defendant, because the plaintiff actively pursued its claim in the Superior Court for over three years, engaged in extensive pleading and motion practice, substantial discovery and pretrial proceedings, and twice represented that no agreement to arbitrate existed between the parties. The court concluded that the plaintiff waived any right to arbitration and therefore, denied the plaintiff's motion to compel arbitration. ThePremier decision does not, however, involve a motion to dismiss, nor does it lend support to the proposition that this court should dismiss this action and preclude the plaintiff from pursuing its present claim, either before the arbitrators or in the Superior Court.
This court recognizes that the issues presented by this case are not the same as those presented in the arbitration. The parties have apparently agreed to present the merits of their dispute to an CT Page 11936 arbitrator. The plaintiff seeks here, at least in part, to protect its security interest in the subject property. Nothing has been presented to show this court that the arbitrator had the power or the authority to grant similar relief. The delay in seeking this relief may have its own repercussions to the plaintiff, but that delay is not cause to dismiss this action.
This is not to say, however, that the defendants are without a process by which to enforce the arbitration clause. The defendants properly may move for a stay[4] pursuant to General Statutes § 52-409;[5] see e.g. Grisanti v. Round Hill Properties, Ltd., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 160887 (March 12, 1998, D'Andrea, J.); and/or make an application to the Superior Court for an order to compel arbitration pursuant to General Statutes §52-410.[6] For the foregoing reasons, the defendants' motion to dismiss is hereby denied.
Resha, J.